THE SOUTH-WESTERN RAILROAD COMPANY *et al.*, plaintiffs in error, *vs.* OSCAR THOMASON *et al.*, defendants in error.

1. Railroad stock, under our law, is personal assets.
2. When there are no debts unpaid, and the administrator of an estate illegally disposes of property of the estate, and is insolvent, equity will entertain a bill filed by the heirs-at-law to recover the property so illegally disposed of, or to decree an account of its proceeds.
3. When an administrator, without authority, disposed, at private sale, of South-Western Railroad stock, and the same was, by direction of the administrator, transferred to the purchaser on the books of the company, and it is not known to the heir who is the present holder of the stock: *Held,* that as the company is bound to pay the dividends to the true owner only, it is a proper party to a bill filed to dis-

cover the present owner, and praying a re-transfer of the stock and an account of the dividend.

4. *Held further,* That the present holder of the stock is also a necessary party, and when discovered by the answer, he must be proceeded against as such before any final decree can be had, either as to the transfer or the dividends.

Equity.    Private sale by administrator.    By Judge COLE. Bibb Superior Court.    May Term, 1869.

The bill of Thomason and others against said company, and Charles C. Usher averred as follows: In 1861, James Wakeman died in said county, seized and possessed of a large estate, real and personal, all of which, except some slaves, he gave by his will to his wife, who was his sole heir. Part of the personal assets of his estate were forty shares of the capital stock of said company, then and yet, of the value of $10,000 00, and producing $1,000 00 annually. Mrs. Wakeman proved the will, qualified as its executrix, but did no more towards the execution of the will; nor did she reduce said stock into her possession. About twelve or eighteen months after her husband's death, Mrs. Wakeman died intestate, leaving a large estate of realty and personalty. Complainants and said Usher were her sole heirs, he being entitled to half of her estate, and they to the other half.

Soon after her death said Usher became administrator on her estate, and administrator *de bonis non* upon the estate of Mr. Wakeman. He had no inventory of both estates made, obtained no order to sell any of the property, and has never made any returns as to either estate. In November, 1865, and March, 1866, Usher, combining with said company and some persons unknown, procured said company to take up and cancel the scrip for said stock, which still was in Mr. Wakeman's name, and to issue new scrip therefor to said unknown persons, and to transfer said stock on their books where it stood in Mr. Wakeman's name to said persons. This was done privately, without any order for its sale, without any advertisement or other step required by law. The company paid the dividends on said stock to said transferrees. Neither Mr. Wakeman nor his wife owed any debts at the

dates of their respective deaths, and their estates, which Usher took, were worth $10,000 00, besides said stock. Usher is insolvent. They prayed a discovery as to Usher's transfer of said stock, when, to whom, and by what authority, what dividends had been paid on it, when, and to whom, and in whose name the stock now stands no the books of the company, and that the company issue to them scrip for half of said stock, and half of its dividends, which had accrued since Mrs. Wakeman's death.

The company demurred to the bill, upon the grounds that complainant's showed no title to said stock, nor any equity entitling them to the relief prayed for. The demurrer was overruled, because of the charge as to combination between said defendants. This refusal to dismiss the bill is assigned as error.

LYON, DEGRAFFENRIED & IRVIN, LAWTON, for plaintiffs in error, cited, as to complainant's title: Irw. Code, secs. 2211, 2247, 2543–7. The company acted legally—see its charter, Acts, 1845.

WHITTLE & GUSTIN, B. HILL, for defendant, replied that the company was responsible for wrong transfer: Section 10, Charter; Acts, 1845, p. 132. The private sale was illegal: Irw. Code, secs. 2513–14; Neal vs. Patten, of this term. The company can not suffer, so far as the *corpus* is concerned, by the decree: Ward vs. C. R. R. & B'k'g Co., 37th Ga. R., 515.

McCAY, J.

1. Very much of the old common law distinction between real and personal property in the administration of the estates of deceased persons is done away with by our law. Realty is assets for the payment of debts. The administrator may sue for it, Code, section 2449, and in some cases he may even sue the heir for realty: Section 2450. So as to personal property. The heir may compel the administrator to deliver to him the specific property if there be no necessity to dispose

of it, and he is entitled to an attachment to compel its delivery: Code, sec. 2558. When practicable, the Ordinary may order a distribution of the *estate in kind*: Code, sections 2543 and 2545.

Under these changes in our law we see no reason why the heirs may not file this bill to procure from the present claimants the specific effects illegally sold by the administrator, of which they would have been entitled had they no been put out of his hands, to a distribution in kind. If the facts set forth in the bill be true, this is the case.

2. There are no debts to be paid, and the Ordinary would order such distribution in kind were the effects now in hand. There is therefore nothing in this objection to the bill.

By the 2514th section of the Code, all sales by administrators must be at public sale, (except annual crops sent to market,) and under certain circumstances, wild lands: Section 2516. Stock in a railroad company cannot therefore be sold except at public sale. If the administrator do sell at private sale, as he is not apparently proceeding to sell under the prescribed forms, the purchaser is charged with notice: Code, section 2586.

We do not think the railroad company liable to these plaintiffs for the stock. Such is by no means the effect of the by-law prescribing the mode of transfer. Indeed, the transfer, as to other parties than the company, is complete without any transfer upon the books. If there were a *bona fide* sale, or if the sheriff were to sell, the law would compel the company to permit the transfer: *Bailey vs. Strohecker*, 38*th Georgia*, 259. The transfer upon the books is only for the protection of the company; it may have liens upon the stock, or it may require this mode in order that its own management may be complete and within its grasp.

3. But whilst the railroad company is not liable for this stock to the complainants, it is a proper party to a bill of this character. It has an interest in the decree. It is liable for any dividends it has paid or may pay to one who was not legally authorized to receive them. We hold, therefore, this bill is properly filed in Bibb county, and against the company.

4. We think, however, the present claimant of the stock is not only a proper but a necessary party. His interest is the principal interest sought by the bill to be affected. The bill charges, however, that the complainants do not know who the present claimant is, and one of the objects of filing the bill is the discovery of that fact. How else are they to find out? *Nominally*, these complainants are not stockholders. No stock stands upon the book to their names. They have not, therefore, *prima facie*, a right to examine the books as stockholders, and they have a right to file a bill to get that information.

When the bill is answered, the present claimant of the stock must be made a party, when a decree can be had, fully settling the rights of the complainants as to the company, and to the other claimants.

Judgment affirmed.