Johnson *et al. vs.* Jackson *et al.*

---

JOHN M. JOHNSON *et al.*, plaintiffs in error, *vs.* WYCHE S. JACKSON, administrator, *et al.*, defendants in error.

[JACKSON, Judge, being related to the parties plaintiff in error, did not preside.]

1. If foreign executors or administrators come within the jurisdictional limits of this state they are liable to be sued here by creditors, or to be brought to an account by legatees or distributees.

2. The assets of the deceased should be applied to the payment of debts, or be distributed amongst the next of kin, by the courts of this state, according to the law of the state where such representatives were appointed. This is the comity of states as recognized by the 9th section of the Code. By WARNER, Chief Justice.

3. If an administrator, appointed in Alabama, together with the securities on his bond, become residents of this state, they are liable to be sued here on a decree rendered in this state on a bill filed by the distributees for an account and settlement. By the court.

Administrators and executors. Jurisdiction. Bonds. Venue. Comity. Before Judge BUCHANAN. Troup Superior Court. November Term, 1875.

Reported in the decision.

B H. BIGHAM; JACKSON & LUMPKIN, for plaintiffs in · error.

F. M. LONGLEY, for defendants.

WARNER, Chief Justice.

This was an action brought by the plaintiffs as the heirs and distributees of H. T. Erwin, deceased, against Wyche S. Jackson, administrator of said Erwin, and his securities on his administration bond, in the county of Troup, all the defendants being alleged to be of said county, except Jones, who is alleged to be of the county of Baker in this state. The plaintiffs allege in their declaration that Jackson was appointed administrator on Erwin's estate by the probate court of Chambers county, in the state of Alabama, in the year 1859, and then and there the defendants executed the bond sued on, conditioned for the faithful performance of his duty as such administrator. The plaintiffs also allege that as such administrator he possessed himself of the estate of said Erwin of the value of $75,000 00, and has wasted and appropriated the same to his own use. The plaintiffs also allege that they brought suit in the superior court of Troup county against said Jackson, as administrator aforesaid, for an account and settlement, and obtained a decree against him for the sum of $1,596 95, besides interest and costs, in that court; that no part of said decree has been paid; that a *fieri facias* has been issued thereon, and a return of *nulla bona* has been made thereon by the sheriff of Troup county; all of which the plaintiffs allege as a breach of his bond, and now seek to recover the amount of said decree from the defendant and his securities on his aforesaid administration bond. The defend-

ants demurred to the plaintiff's declaration, and made a motion to dismiss the plaintiffs' action on the ground that the superior court of Troup county had no jurisdiction of the case, which demurrer and motion the court sustained, and the plaintiffs excepted.

There was no point made that the defendants had not been regularly served with process as required by the laws of this state.

1. The question made and insisted on here was, that the court had no jurisdiction of the case because the administrator had been appointed by the probate court of the state of Alabama, and that the bond sued on had been taken by that court in that state, and must be sued on there, and could not be sued on in the courts of this state, although the defendants might be personally liable to be sued here. Whatever may have been the decisions of the other courts in relation to the question of jurisdiction in this class of cases, (and it is conceded they are conflicting,) still, if it was an original question in this court, I should hold that it was controlled by the constitution and laws of this state, so far as our own courts are concerned. By the constitution, the superior courts of this state have jurisdiction of all civil cases, except as therein otherwise provided. The sovereignty and jurisdiction of the state, and the laws thereof, extend to all persons while within its limits, whether as citizens, denizens or temporary sojourners: Code, section 21. A citizen of another state passing through this state may be sued in any county thereof in which he may happen to be at the time when sued: Code, section 3416. The provisions of the law are general and include executors and administrators as well as all other persons; there is no exception made in favor of executors and administrators, or securities on their bonds. If they come within the jurisdictional limits of the state, they may be sued in any county in the state in which they may happen to be at the time when sued. The policy of the state is to furnish her own people with a remedy to recover their rights in her own courts, without compelling them to go into a foreign jurisdiction to ob-

Johnson *et al. vs.* Jackson *et al.*

tain their lawful and just claims. These principles were fully recognized by this court in *Maxwell vs. Seymour, Fannin & Company*, 30 *Georgia Reports*, 440, in which it was held that all persons within the limits of a government, whether their residence be deemed permanent or temporary, are to be deemed so far citizens or subjects thereof, as that the right of jurisdiction, civil and criminal, will attach to such persons.

2. When a foreign executor or administrator is sued in the courts of this state, the nature and extent of his liability will depend upon the laws of the state or country where he derived his authority to administer the assets of the decedent. The assets of the deceased should be applied in the payment of debts, or be distributed among the next of kin, by our own courts, according to the law of that state or country, in the same manner as if the executor or administrator had been sued and called on to account in the courts of that state or country, and that is the comity of states as recognized by the 9th section of the Code. Why should the distributees of the deceased, who are citizens of this state, be compelled to go into the foreign state of Alabama to obtain their rights, when the courts of this state can afford them the same redress, as the courts of that state? Should the courts of this state presume that the courts of Alabama are more competent to administer the law. applicable to the case, and send the plaintiffs there for that reason? When a foreign executor or administrator comes within the jurisdictional limits of this state, he is, in my judgment, liable to be sued here by the distributees of the estate which he represents, and to be made liable to the same extent as he would be liable according to the laws of the state in which he was appointed, and not otherwise. In what I have said, I have only expressed my individual opinion, and not that of the court.

3. But assuming the general rule to be, that an executor or administrator cannot be sued out of the state in which he was appointed, the special facts of this case, in our judgment, take it out of that general rule. It appears from the allegations in the plaintiff's declaration, that Jackson, the adminis-

trator, has been sued by the plaintiffs and called on to account in that capacity, in the superior court of this state, and a decree rendered against him establishing the fact that he has wasted and appropriated to his own use the assets of his intestate's estate, to the amount of $1,596 95. The plaintiffs also allege that the defendants are all residents of this state. The 2034th section of the Revised Code of Alabama declares that "any bond given by executors or administrators, as such, may be sued or proceeded on in the name of any party aggrieved, until the whole penalty is exhausted." The plaintiffs have been aggrieved as they allege by a breach of the administrator's bond, and seek their remedy thereon against the defendants, who are alleged to be residents here, in the courts of this state. The 3250th section of our Code declares that for every right there shall be a remedy, and every court having jurisdiction of the one, may, if necessary, frame the other. That the plaintiffs have a right to recover against the defendants, according to the allegations in their declaration, in some court, is indisputably true. They cannot sue the defendants in Alabama for the simple reason, as it appears on the face of the plaintiffs' declaration, that they are not there to be sued, but are residents in this state where they are sued. It was suggested on the argument, that to allow the defendants to be sued in this state and a recovery had against them here, would have the effect to withdraw the assets of the estate from the state of Alabama, and defeat the claims of creditors there. The reply to that suggestion is, that the plaintiffs, as distributees, would not be entitled to recover in the courts of this state any more than they would in the courts of Alabama, until all the intestate's debts were paid, and the decree rendered against him, as set forth in the plaintiffs' declaration, established the fact, so far as the administrator himself is concerned, that he has wasted and appropriated to his own use the sum of $1,596 95 after the payment of his intestate's debts, which amount the plaintiffs are now seeking to recover from the administrator and his securities on his administration bond, in the courts of this state, of which the defendants are residents, as appears

on the face of the plaintiffs' declaration, and which was demurred to for want of jurisdiction.    It appears on the face of the plaintiffs' declaration, that the administrator and his securities were within the jurisdiction of this state, and that the administrator has in his own pocket, or is presumed to have, the sum of $1,596 95, belonging to said estate, which he has wasted and appropriated to his own use, and to which the plaintiffs are entitled as distributees of the deceased intestate. In our judgment, the court erred in sustaining the defendants' demurrer for want of jurisdiction of the court and in dismissing the plaintiffs' action.

Let the judgment of the court below be reversed.