The Eagle & Phenix Man'f'g Company *et al. vs.* West *et al.*

1. In equity, the superior court of the county where some of the defendants reside, against whom substantial relief is prayed, has jurisdiction, though the object of the bill be to set aside the sale of stock in a manufacturing company located in another county, and which stock is designated in the Code as realty.
2. Where interrogatories have been received properly by the clerk in open court, and the entry thereon was not made at the time when received, the court may allow him to make the entry *nunc pro tunc* upon clear proof from him and others that they were so received by the clerk.
3. Unless the portion of the charge of the court which is excepted to be copied in the ground of the motion for a new trial on which error is assigned, or so plainly referred to in the entire charge, where that is appended, as to be clearly ascertained from the record, it cannot be considered by this court, for the reason that it cannot be understood.
4. If evidence be admitted which would not probably change the verdict, a new trial should not be granted, though its admissibility as a naked question of law be doubtful.
5. The law of the case was substantially given to the jury, and there is sufficient evidence to support their finding. In such a case, a new trial will not be granted by this court over the judgment of the presiding judge.

Equity. Jurisdiction. Stock. Practice in the Superior Court. Practice in the Supreme Court. Evidence. New trial. Before Judge WRIGHT. Decatur Superior Court. May Term, 1878.

Reported in the opinion.

PEABODY & BRANNON; GURLEY & TOWNSEND, for plaintiffs in error, cited Code, §§2237, 3403; 40 *Ga.*, 408; 43 *Ib.*, 598; contrasting 34 *Ib.*, 53 and 37 *Ib.*, 346; Code. §3889.

FLEMING & RUSSELL, for defendants, cited Code, §§3403, 5120, 3888, 3892; 46 *Ga.*, 138; 31 *Ib.*, 625.

JACKSON, Justice.

This was a bill filed by the heirs of John West to recover certain shares of stock in the Eagle & Phenix Manufacturing Company of Columbus, alleged to have been illegally sold at private sale by James N. West, who was the Georgia administrator on said estate. The intestate died in Kentucky, and there was administration there on the bulk of the estate by Robert West, one of the heirs. The verdict was for the complainants, a motion was made for a new trial, it was overruled by the presiding judge, and this refusal to grant the new trial is the complaint before this court.

1. That motion is predicated upon various grounds, and those insisted upon and pressed here will be reviewed by us. The first point is the overruling the demurrer, which was that the superior court of Decatur did not have jurisdiction of the case, but that the suit ought to have been brought in Muscogee, where the manufacturing company was located. The demurrer went upon the idea that the stock is real estate, and the title to it is involved, and therefore, under the constitution, the suit should be brought where the real estate is located.

It is true that under the Code, section 2237, this stock being in a manufacturing company, " whose principal investments are in realty and machinery attached thereto," is deemed realty ; but the law is that an equity cause may be brought in the county in which any defendant resides, against whom substantial relief is prayed, and in this case

to set aside this sale, the suit is brought where one defendant lives, against whom such relief is prayed, and who is charged with having illegally sold the stock in controversy, and where three other defendants live, against whom substantial relief is prayed.    The decisions in 34 *Ga.*, 53, and 37 *Ga.*, 346, substantially cover the principle involved in the facts of this case, and we cannot say that the court was wrong in overruling the demurrer.

2. The second ground is, that the court erred in permitting the clerk to make an entry on certain interrogatories *nunc pro tunc*, upon evidence by the clerk and others that the same had been properly received, and remained in office undisturbed ever since.

We see no error in this.    The proof was conclusive, and the entry of the clerk of what actually occurred might well be made, when he had omitted to do so at the right time, *nunc pro tunc*.

3. The next ground of error is, that the court erred in portions of the charge to the jury.    These are not set out in the motion, but only designated as being on certain pages of the charge, and beginning at such words and ending at others.    On examining the record, we cannot ascertain the parts of the charge excepted to.    We have held that the whole charge cannot be excepted to unless it is all wrong; and certainly if any part be excepted to as wrong, it should be clearly specified.    The better practice is to incorporate it in the motion, that the court below and this court may see at a glance what error is alleged in the motion for a new trial; but if this be not done, it is at least absolutely necessary that the record should show us by a clear and plain reference to the charge what part is objected to, so that we can discover and understand it; otherwise it is impossible understandingly to review it.    Therefore, we cannot consider the exceptions to the charge of the court.

4. The next complaint is the admissibility of a note of James N. West, the administrator in Georgia, which was paid by Robert West for him in Kentucky.    The defend-

ants to the bill contended that they should be allowed to set off against this suit of the heirs of John West, whatever share James N. West was entitled to in that estate, as he sold this stock and got the money. It became important, therefore, to ascertain what he had got, and this note was brought in to show a part of it; but it is unnecessary to consider whether it was admissible or not, for the reason that, independently of this note paid for him by Robert West, the Kentucky administrator, he had received more than his share of the estate. We rather think it was wrong to admit it, especially as it may have been paid after this sale of stock by James N. West, and after these defendants had become purchasers thereof; but its admission or rejection could not and did not affect the verdict.

5. The law of the case was administered substantially in accordance with the rulings of this court in the cases of *Southwestern Railroad Company vs. Thomason et al.*, 40 *Ga.*, 408, and *Nutting et al. vs. Thomason et al.*, 46 *Ga.*, 34, and therefore the verdict is not against the law. The facts were for the jury, and they have found their verdict upon their opinion of the evidence, and there is enough evidence to support their finding, and the presiding judge in sustaining it; we do not interfere in such cases.

Judgment affirmed.