OBEAR, trustee, *vs.* LITTLE, next friend.[*]

1. A court of equity is always open, and the powers of chancery over trust estates may be exercised in vacation, upon proper proceedings, whenever necessary to protect the interest of a *cestui que trust.*
2. The superior court may, in term or at chambers, by attachment

[*]SIMMONS, J., being disqualified, Judge LUMPKIN, of the Northern circuit, was designated to preside in his stead.

for contempt, enforce an order rightly granted in vacation, directing a trustee to pay certain money for the support of a beneficiary.

3. When, at the instance of a next friend of a *cestui que trust*, a rule *nisi* is granted, requiring a trustee to show cause why he has not obeyed an order of the court to pay over money for the support of the *cestui que trust*, and the answer shows the money has not been paid as ordered, but the trustee therein sets up that the *cestui que trust* is largely indebted to him, and that by an agreement between the *cestui que trust* and himself, the order of the court has been dispensed with, and where it appears that the *cestui que trust* is laboring under some mental infirmity, it is not error to make the rule absolute and enforce it by imprisonment. (Head-notes by the court.)

January 26, 1888.

Equity. Trusts and Trustees. Practice in Superior Court. Before Judge SIMMONS. Bibb Superior Court. April Term, 1887.

Reported in the decision.

LANIER & ANDERSON, by brief, for plaintiff in error.

R. F. LYON; J. C. RUTHERFORD, for defendant.

LUMPKIN, Judge.

The record in this case does not clearly and distinctly set forth all the facts. From it, however, the following may be gathered:

The judge of the superior court, at chambers, at the instance of Little, as the next friend of Gray, granted an order requiring Obear, who was trustee of Gray's estate, to show cause why he should not pay over, for Gray's support, certain money which he had realized from the sale of Gray's property. The answer of the trustee to the petition presented to the judge by Little not being deemed sufficient, he passed an order requiring the trustee to pay the money over. This order was affirmed by the Supreme Court.*

---

*The writ of error was withdrawn. (Rep.)

v 79-25.

Afterwards at a regular term of the court, a rule *nisi* was granted against Obear, requiring him to show cause why he had not obeyed the former order of the court. He answered, setting forth, among other things, that Gray was largely indebted to him for advances made, and that since the order had been passed by the judge, he had paid to Gray considerably more money than the order required him to pay. It appeared, however, from the answer that the money he had paid to Gray was derived from the sale of Gray's own property, under an alleged agreement between Obear and Gray, to the effect that Obear was to sell certain real estate belonging to Gray, pay Gray one-half the proceeds thereof, and credit the other half on the indebtedness which Obear claimed against Gray. The answer distinctly admitted that Obear had never paid the specific money which the judge's first order required him to pay.

As already stated, the record is not clear in some respects, but it is a necessary inference therefrom that Gray was laboring under some mental infirmity, which rendered him unfit to manage his estate, and required the services of a trustee to do so for him. He must, therefore, have been incapable of consenting to any arrangement or agreement to set aside an order invoked in his behalf by a next friend for the purpose of securing his support.

1. Under our statute, (code, §§4221, 4222,) a court of equity is always open for the protection of the wards of chancery. When a proper petition was presented to the judge at chambers, he had the power, and it was his duty, to pass such orders as might be necessary to protect the interests of a *cestui que trust*, and provide for his support. 65 *Ga.* 728–9.

2. There can be no doubt that in term, or even in chambers, the superior court has the power to enforce, by attachment for contempt against a defaulting trustee, its own order which he has failed to obey, when he presents no sufficient excuse for his disobedience. 34 *Ga.* 162.

3. A trustee cannot justify his failure to obey an order of the court, requiring him to pay money for the support of the beneficiary, when it appears that this money was derived from the sale of the beneficiary's own property, by showing the beneficiary is indebted to him, or that he has sold other portions of the trust estate and paid a part of the proceeds to the beneficiary, and that the latter has accepted the same in lieu of a compliance with the court's order. It would be a very dangerous practice to allow trustees, when ordered by the courts to do certain things for the *cestuis que trust* whom they represent, to substitute for the mandates of the court private arrangements and agreements of their own. The relation between a trustee and his *cestui que trust* is a confidential one, and requires the utmost good faith on the part of the former. Certainly it is the duty of courts to see to it that all orders passed for the benefit of those who need trustees are strictly obeyed.

If Mr. Gray is indebted to Mr. Obear upon a fair settlement, the latter can have just and full relief in the proper forum, upon proof of the facts.

Judgment affirmed.