WOOD et al., executors, v. WOOD.

1 Imprisonment for debt being abolished, attachment for contempt is not a remedy for obliging the payment of a mere debt from the ~ecutors to a legatee, adjudged upon citation to account before ~~dinary under section 2598 of the code.
2. Though actual fraud by the executors might render them subject to attachment, such fraud would have to be alleged upon the record and be the subject of direct adjudication.

December 9, 1889.

Contempt. Executors. Fraud. Remedies. Practice. Pleadings. Before Judge MILNER. Murray superior court. February term, 1889.

The defendant in error, B. T. Wood, an heir and legatee of Robert Wood, deceased, cited the executors of the estate to a settlement before the court of ordinary, and at the August term, 1888, recovered judgment against them. On the 18th of the next December, the ordinary issued a rule *nisi* against them to show cause, at the next January term, why they should not pay over the amount of the judgment, or in default thereof, be attached for contempt. This was served December 22d, and on January 7th, 1889, was made absolute. On January 24th, the ordinary issued a rule *nisi* requiring them to show cause, at the next regular term, why they should not be attached for contempt. On February 6th, they made answers, from which appears the following:

Executor Wood, when served with the rule *nisi* of December 18, put it into his pocket without reading it, supposing it to be a summons of garnishment to answer what he owed B. T. Wood, having already been served with several such summonses; and but for this mistake, he would have made answer. The other executor, Henderson, promptly appeared at the January term of the ordinary's court, but no action in the matter was taken while he was there. Both were ignorant

that the rule had been made absolute until served with the last rule *nisi* of January 24. They refer to two items of the will of Robert Wood, directing that two farms be rented to the best advantage by his executors, and the shares of the three minor children (including plaintiff) be placed at interest; and that when these minors become of age, the farms be sold and the proceeds be divided among all of testator's children. The executors expended the minors' shares of the rents in making necessary improvements on the farms, such as keeping in repair houses, fences, ditches, etc. They admit that in doing this, they did not follow the precise terms of the will; but they say that they acted in good faith, and under the impression that when the land was sold, the estate should account to the minors for their shares of the rents thus used, with interest, these rents being quite small, the minors' shares for one year being estimated at seventy-five cents, and respondents wished to avoid the risk of loaning out such small sums yearly; that in so doing they acted under the advice of the ordinary, who endorsed the plan they adopted; and that they have received nothing on account of the estate for which they have not accounted. It was managed entirely by Wood, who handled all the money; none of the funds went into Henderson's hands  The testator died in 1875. Respondents refer to their returns of file with the ordinary. They are unable to pay the judgment rendered by the ordinary. They have wives and six and seven children; one has not as much property as is allowed to heads of families in Georgia, and the other no more than such allowance. They submit that, under the constitution, they are not liable to attachment for contempt for this debt; and they demur to the rule and pray that it be discharged.

The case was tried in the superior court on appeal by

consent. The judge, to whom it was submitted as to both law and facts, adjudged that the executors were in contempt in failing to pay over the amount found to be due by the ordinary; and ordered that they be con-fined in jail until they should purge themselves of such contempt. This was assigned as error.

W. K. MOORE and B. Z. HERNDON, for plaintiffs in error.

TRAMMELL STARR and R. J. & J. McCAMY, *contra.*

BLECKLEY, Chief Justice.

1. Since the abolition of imprisonment for debt by the constitutions of 1868 and 1877, we think the sounder and better construction of §2599 of the code, touching the enforcement of judgments rendered by the ordinary against executors and administrators on citations to account, is that mere money liabilities, where no specific fund is involved, are enforceable only by execution against the property, and not by attach-ment against the person. The general money assets of an estate in the hands of a representative bear interest after the first year, and are therefore expected to be used, loaned out or invested by the representative, and not to be kept on hand. When so employed, the lia-bility for the same becomes a mere debt, unless the par-ticular funds can be traced and their proceeds claimed as property of the estate. In the present case, our understanding from the record is that the executors, though adjudged to have in their hands a certain amount of money due the legatee, were not shown to have the identical money derived from the estate or its assets, but only to be debtors therefor. In this respect the case is analogous to *Clements* v. *Tillman*, 79 *Ga.* 451, in which it was ruled that a court of equity could not enforce its decree for such a debt against the execu-tor by attachment for contempt. The principle of that

case, we think, controls this. If a court of equity cannot constrain the payment of a mere debt by attachment, we see not how a court of ordinary could do so. The powers of the two courts in this respect, under our system, are to be treated as concurrent and co-extensive. Code, §2600. Doubtless either of them could take hold of any particular fund held by the representative of an estate, or anything which might be shown to be the proceeds of that fund actually in his hands, and compel him to surrender possession thereof. A precedent for so doing, in the case of a trustee, is furnished by *Obear* v. *Little*, 79 *Ga.* 384.

2. It was said in the argument that the element of actual fraud was involved in the present case, and that such fraud would be a justification for the attachment. This may be so where that issue is directly made on the record and adjudicated. But we see no indication that the power of attachment was in this case rested on the element of fraud. So far as we can discover, the proceeding was a mere accounting between the legatee and the executors, under §2598 of the code, and the outcome was the finding of a mere debt against them as executors, and judgment therefor in favor of the legatee, with subsequent rules to enforce payment.

We think the superior court, acting upon appeal, erred in holding that the executors were subject to arrest and imprisonment and in ordering accordingly.

*Judgment reversed.*