JOSEPH A. BOOTH v. ADOLPH KURRUS AND WALTER R. BRINLEY.

1. A justice is not liable to an action for false imprisonment who, from mistake in law, issues his warrant founded on an affidavit setting forth a private nuisance dangerous to the prosecutor and many other persons, &c.
2. A defendant sued for false imprisonment pleaded that he made com plaint under oath, setting forth certain facts, and that thereupon the justice issued his warrant, &c. In his replication the plaintiff averred that the defendant, when he made such oath, knew that the facts stated did not constitute a nuisance or other indictable offence. *Held*, such replication was demurrable, it being the duty of the justice to construe, in point of law, the facts.

Action for false imprisonment. On demurrer to plea.

Argued at February Term, 1893, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, REED and MAGIE.

For the plaintiff, *Bedle, Muirheid & McGee.*

For the defendants, *Henry S. Terhune* and *Hawkins & Durand.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This is an action by Booth against Brinley, a justice of the peace, and Kurrus, prosecutor, alleging the arrest and false imprisonment of the plaintiff by virtue of a warrant issued by the justice on the complaint of the other defendant.

The declaration is in the usual form in actions for false imprisonment, and to it the defendant Brinley put in a special plea to the effect that he was a justice of the peace, and that on the day named Kurrus made a complaint, under oath, before him as such justice, setting forth that on, &c., plaintiff, in the language of the pleader, " did willfully, maliciously and with intent to injure the said defendant Adolph Kurrus erect a board fence adjoining the said defendant Adolph Kurrus' property, about twenty feet high, and that said fence was a nuisance, and that said fence was erected in a frail manner and endangered the life of the said defendant Adolph Kurrus and other persons going to and from said premises," &c. The plea then averred that thereupon a warrant was issued by him, under which the plaintiff was arrested, &c., and which are the supposed trespasses complained of.

To this plea a demurrer has been interposed, raising the first of the issues to be decided.

The argument in support of this demurrer is, in effect, that the justice was without jurisdiction in the affair in question, inasmuch as the affidavit on which he founded his judicial action " did not disclose any crime or indictable offence on

the part of Booth." It is urged that a private and not a public nuisance was thus exhibited, and that, therefore, the issuance of the warrant was unjustifiable. Granting this position, the argument is without any legal force. It is obvious that the principle on which it can alone be rested is, that the justice is liable to a suit in every case in which he mistakes the law with regard to his duty either in granting or refusing a warrant when a criminal complaint is before him. If this justice be suable in this instance, it is not easy to imagine any legal error committed by him in a proceeding of this character for which he would not be suable. This officer had jurisdiction over the class of offences in which he deemed the case before him was comprehended; he erred in failing to perceive the distinction between a tortious act that affected the defendant Kurrus and "many other persons," but not the public, generally. The distinction is a technical one, and the contention that this defendant is answerable to the party injured by reason of his inability or failure to nicely discriminate, is without support, either in reason or legal science. Such a rule would render actionable every mistake of every court or judge in ordering bail when it should finally appear that such order had been rested on an illegal basis.

This demurrer must be overruled.

The second and third problems to be solved proceed from two demurrers put in by Adolph Kurrus, who was the prosecutor in the complaint before the justice.

This defendant had, in a plea, set forth the facts, showing that he had made the complaint which has already been stated in considering the demurrer just disposed of; and to this plea the plaintiff filed ten replications, the sixth and seventh of which are those demurred to. These several replications are, in substance, to this effect, viz., the sixth alleges that the action ought not to be barred, because "the complaint therein alleged does not constitute a sufficient defence" as pleaded; and the seventh, because "the complaint in manner and form as" in the plea "set forth is untrue and known to said defendant to be untrue, in that the said fence was not a nuisance,

and was not an indictable offence or one for which a citizen could be criminally held " in manner and form as pleaded.

The former of these replications, it is plain, has the effect of a demurrer and nothing beyond.   It does not deny a single fact stated, but admitting the facts, avers that the complaint " does not constitute a sufficient defence."   The issue thus presented is purely one of law.

The second replication is also devoid of all legal force.   Its entire averment is, not that the defendant knew that any of the facts stated in his complaint were untrue, but that he knew that such facts did not constitute a nuisance or other indictable offence.   But if this defendant stated the facts truly, he had a right to submit them to the judgment of the justice, no matter what his notion was as to their legal value.

Both of these demurrers should be sustained.

The legal principles above applied will be found sanctioned and exemplified in the opinion read in the Court of Errors and Appeals in the case of *Grove* v. *Van Duyn*, 15 *Vroom* 654.