PASCHAL, sheriff, *v.* MELTON.

No. 8884. JUNE 17, 1932.

*R. C. Jenkins* and *S. T. Wingfield,* for plaintiff in error.
*M. F. Adams* and *E. J. Summerour Jr.,* contra.

Beck, P. J.   Love Melton died intestate in Aiken, S. C., leaving as his entire estate a policy of insurance in the amount of $1,000. W. E. Melton, brother of the deceased, applied to the probate court in Aiken for letters of administration, representing that he and another brother were the sole heirs.   He was appointed and gave bond, and collected the amount of the policy.   Subsequently Mrs. Lydia Melton, claiming to be the widow and only heir of the deceased, brought suit in the superior court of McDuffie County, Georgia, alleging that W. E. Melton had procured his appointment by fraud; that she was entitled to the fund in his hands; and that the deceased, while temporarily in South Carolina where he died, was in fact a resident of Putnam County, Georgia, where administration should be had.   This action resulted in a judgment in favor of Mrs. Lydia Melton against W. E. Melton for $1,000.   It was therein further adjudged that the appointment of W. E. Melton was procured by fraud, and was void; and that the administration should be had in Putnam County.   Execution issued upon this judgment, and was returned nulla bona.   Thereupon Mrs. Lydia Melton applied to the Putnam court of ordinary to have administration vested in W. A. Andrews, who was appointed temporary administrator.   She then transferred to him the execution in her favor; and Andrews filed in the court of ordinary his petition setting up that W. E. Melton had in his possession the above sum, proceeds of the insurance policy, which he wrongfully withheld; and prayed that a rule nisi be issued, calling upon him to show cause why he should not pay over said sum, or, in default, be imprisoned as for contempt.   Rule was issued accordingly and served upon Melton, who answered.   The hearing in the court of ordinary resulted in a judgment requiring Melton to pay over, within fifteen days, the sum of $593, which he said he had paid out in due course of administration, or be attached for contempt, and a further finding that Melton was liable on his bond for the sum of $407 in addition, which was shown to be on deposit in a bank which had failed.   After fifteen days, the money not being paid, the court ordered the sheriff to imprison Melton until the further order of the court.   Upon being  taken into custody, Melton applied to the judge of the superior court for a writ of habeas corpus, alleging that the proceeding and the judgment under which he was imprisoned were void for want of jurisdiction in the court.   Upon the re-

turn of the writ the sheriff filed a demurrer to the petition. The judge overruled the demurrer, and, after evidence was submitted, sustained the petition of the applicant for the writ of habeas corpus and ordered his release. To this judgment the sheriff excepted.

Conceding that W. E. Melton obtained his appointment as administrator of the estate of Love Melton, deceased, in the probate court in South Carolina, by fraudulent representations, and that by virtue of his office as administrator he collected $1,000 of life insurance due the estate of Love Melton, and improperly paid out a part of this money, depositing the balance in a bank which failed, nevertheless the court of ordinary in Putnam County was without jurisdiction, upon his failure to pay over the sum of $593 which he had misappropriated, to punish him as for contempt of court. Mrs. Melton, the widow of Love Melton, had obtained a judgment for this money, claiming to be the heir of Love Melton, as no doubt she was, and this had been transferred to one Andrews, who had been appointed temporary administrator by the ordinary of Putnam County in this State. Upon the transfer of the execution to him, or without the execution, Andrews would have had the right to sue W. E. Melton, who had collected the insurance that was due the estate of the decedent; but we do not think that the court of ordinary of Putnam County had jurisdiction to render a judgment holding W. E. Melton guilty of contempt of court and ordering him to be imprisoned therefor. In the case of *Wood* v. *Wood*, 84 *Ga.* 102 (10 S. E. 501), it was said: "Since the abolition of imprisonment for debt by the constitutions of 1868 and 1877, we think the sounder and better construction of § 2599 of the Code [of 1882—Code of 1910, § 4074], touching the enforcement of judgments rendered by the ordinary against executors and administrators on citations to account, is that mere money liabilities, where no specific fund is involved, are enforceable only by execution against the property, and not by attachment against the person. The general money assets of an estate in the hands of a representative bear interest after the first year, and are therefore expected to be used, loaned out, or invested by the representative, and not to be kept on hand. When so employed, the liability for the same becomes a mere debt, unless the particular funds can be traced and their proceeds claimed as property of the estate. In the present case, our understanding from the record is that the executors,

though adjudged to have in their hands a certain amount of money due the legatee, were not shown to have the identical money derived from the estate or its assets, but only to be debtors therefor. In this respect the case is analogous to *Clements* v. *Tillman*, 79 *Ga.* 451 [5 S. E. 194, 11 Am. St. R. 441], in which it was ruled that a court of equity could not enforce its decree for such a debt against the executor by attachment for contempt. The principle of that case, we think, controls this. If a court of equity can not constrain the payment of a mere debt by attachment, we see not how a court of ordinary could do so. The powers of the two courts in this respect, under our system, are to be treated as concurrent and co-extensive. Code [1882], § 2600 [1910, § 4075]. Doubtless either of them could take hold of any particular fund held by the representative of an estate, or anything which might be shown to be the proceeds of that fund actually in his hands, and compel him to surrender possession thereof."

If the applicant for the writ of habeas corpus in this case is compelled to pay over any money under the judgment rendered, it would not be the identical money received by him from the proceeds of the policy of insurance. Having collected this money without lawful authority to do so, and under color of an office obtained by fraud, and having misappropriated the same, he is of course liable for the money which was paid to him by the insurance company, and is a debtor to the estate of Love Melton for the amount so collected and misused or misappropriated. See *Clements* v. *Tillman*, supra. In that case it was held that where a money decree in favor of the legatee against an executor awarded an execution for its enforcement, it was error to add an alternative that if the defendant failed to pay the amount of the decree by a time specified, he should be held to be in contempt. And in *Everett* v. *Sparks*, 107 *Ga.* 48 (32 S. E. 878, 73 Am. St. R. 107), it was said: "We think the court below was right in dismissing the proceeding. We do not understand from the record that the administrator was adjudged to have in his hands the actual money which he received in his representative capacity. All of the money with which he was chargeable was received by him in 1895, and the citation was not issued until October, 1897: It was therefore to be expected that the money assets of the estate were to be used, loaned out, or invested by the administrator, and not kept idle or

in his actual custody. Properly construed, then, the judgment rendered by the court of ordinary, although it recited that the administrator had 'in his hands' a specified sum of money, was no more than an adjudication that he was indebted in this amount to the heirs of his intestate." And so in this case we do not think the judgment of the court of ordinary meant that W. E. Melton had in his hands "the actual money which he received in his representative capacity." He owed a sum identical with the amount which the ordinary of Putnam County ordered him to pay over; but if he had deposited a part of the money collected on the insurance policy in a bank that had failed, and had misappropriated the balance of the money collected, he did not have the "actual money" in his hands, and the court of ordinary was without jurisdiction to hold the applicant for a contempt of court, and the judge of the superior court who heard the application did not err in ordering a release of the applicant.

*Judgment affirmed.* *Russell, C. J., and Atkinson, Hill, and Gilbert, JJ., concur.*