22446. DAVIS, administrator, v. MELTON et al.

Decided March 4, 1933.

642

*R. C. Jenkins, S. T. Wingfield,* for plaintiff.

*E. J. Summerour Jr., M. F. Adams, Bryan, Middlebrooks & Carter,* for defendants.

PER CURIAM. ■ The fact that the issuance of the letters of administration was irregular, fraudulently procured, or invalid, does not as a rule affect the liability of either principal or surety on the administration bond. 24 C. J. 1059, § 2536, note 26, and cit.

■ Where letters of administration, issued by the probate court of a foreign jurisdiction, have been adjudged by the courts of this State to have been fraudulently procured, and the pseudo administrator and his surety come within the jurisdiction of the courts of

this State, they are subject to suit in this State by the administrator legally appointed in this State for moneys adjudicated by the courts of this State to have been illegally and improperly collected by the pseudo administrator, which belong to the estate of the decedent for the payment of debts and for distribution. *Johnson* v. *Jackson, 56 Ga.* 326 (21 Am. R. 285); *Lake* v. *Hardee, 57 Ga.* 459, 468; *Paschal* v. *Melton,* 174 *Ga.* 910 (164 S. E. 757, 758).

■ Such a suit was not improperly brought against the pseudo administrator and the surety on his bond, where both were within the jurisdictional limits of this State, because it did not appear from the petition that the administration in the probate court of the foreign jurisdiction had terminated, or that the plaintiff had ever sought to establish his claim against the pseudo administrator in that court. What has been styled the general rule, that, before a suit on the administration bond can be maintained, there must have been an adjudication by the probate court setting up the claim, is not in harmony with the ruling made in *Johnson* v. *Jackson,* supra, as regards foreign administrators. Especially would this be true where, as here, the foreign administration has been previously adjudicated by the courts of this State to have been fraudulently procured. In *Johnson* v. *Jackson,* supra, it was specifically ruled that, if an administrator appointed in a foreign jurisdiction and the surety on his bond become residents of this State, they are liable to be sued here on a decree rendered in this State on a bill filed by a distributee for an accounting and settlement. In the instant case the liability of the pseudo administrator to the estate was fixed by the judgment previously obtained by the widow as sole heir and distributee of the deceased, in the superior court of McDuffie county, Georgia, which judgment was transferred by her to the administrator of the deceased, legally appointed in this State, and suit on the bond was brought by the Georgia administrator against the pseudo administrator and the surety on his bond in a Georgia court having jurisdiction of the parties. In *Paschal* v. *Melton,* supra, the Supreme Court, in a case growing out of the same matters as in this suit, said as to the liability of such a pseudo administrator: "Upon the transfer of the execution to him, or without the execution," the Georgia administrator "would have had the right to sue" the pseudo administrator, "who had collected the insurance that was due the

estate of the decedent;" and that, "Having collected this money without lawful authority to do so, and under color of an office obtained by fraud, and having misappropriated the same, he is of course liable for the money which was paid to him by the insurance company, and is a debtor to the estate of [the deceased] for the amount so collected and misused or misappropriated."

■ Where the liability of such pseudo administrator for an asset of the estate has been adjudicated and determined in a previous suit against him, in a subsequent suit on the bond against the principal and his surety such former adjudication is prima facie binding on the surety. *Hunter* v. *Burson,* 168 *Ga.* 59 (5, 6), 60 (147 S. E. 53); *Transylvania Casualty Insurance Co.* v. *Atlanta,* 35 *Ga. App.* 681 (2) (134 S. E. 632). See also *Johnson* v. *Jackson,* supra; 24 C. J. 1087, 1088, 1101; Burnside *v.* Robertson, 28 S. C. 583 (6 S. E. 843); Wilbur *v.* Hutto, 25 S. C. 246; Ross *v.* Pettus, 45 S. C. L. 543.

■ The fact that the bond sued on was made payable to the probate judge of the foreign jurisdiction does not prevent the Georgia administrator, to whom the prior judgment and execution against the pseudo administrator was transferred by the widow of the deceased, his sole heir and distributee, from bringing the suit in his own name as administrator. Civil Code (1910), §§ 4081, 4082. While it is true that it is the general rule that contracts are to be governed as to their nature, validity, and interpretation by the laws of the place where they are made, it is also true that the mode of procedure, including questions relating to the parties and to the capacity of a party to sue or be sued, and in whose name any action shall be brought, are to be determined by the law of the forum in which the action is instituted. *Lay* v. *N., C. & St. L. Ry. Co.,* 131 *Ga.* 345 (3) (62 S. E. 189); *Selma R. Co.* v. *Lacey,* 49 *Ga.* 107; *Joice* v. *Scales,* 18 *Ga.* 725; *Mass. Benefit Life Asso.* v. *Robinson,* 104 *Ga.* 256, 286 (30 S. E. 918, 42 L. R. A. 261); *Beck & Gregg Hardware Co.* v. *Southern Surety Co.,* 44 *Ga. App.* 518 (162 S. E. 405). In point of fact, the Georgia rule likewise obtains in the foreign jurisdiction, which is the State of South Carolina. See the Civil Code of that State, § 8961.

■ The contention that no breach of any condition of the bond was shown in the petition is without merit. The general purpose of an administrator's bond is the faithful performance of the duties

of his trust. If he collects moneys due the estate which he purports to represent, but which he is not entitled to collect, by reason of his fraudulently obtaining the appointment as such administrator, and withholds the same from the person rightfully entitled to the possession of the same, it can hardly be said that he is not acting wrongfully and illegally. Under the ruling in *Johnson* v. *Jackson,* supra, this action was properly brought against him and the surety on his bond, after it had been established in the superior court of McDuffie county that he was legally liable to pay said moneys over, and upon his failure to do so, he breached the conditions of his bond. Under this ruling it was not necessary that the liability of the principal on the bond be established in the probate court of the foreign jurisdiction. Moreover, the bond sued on specifically required the principal to "well and truly administer according to law" the goods, chattels, and credits of the deceased, "which have or shall come to the hands, possession, or knowledge" of the principal.

█ The petition alleged that it would be a fraud on the court and the heirs and creditors of the decedent not to require the surety to pay to the petitioner the amount of the execution, with interest, "together with all the expense connected with the collection of the same," and to the petition is attached an itemized statement of such expense, such statement showing expenses incurred in trips in connection with the former suit in McDuffie superior court, trips to South Carolina and to Atlanta, telephone calls, and attorney's fees for bringing the present action. The defendants demurred to these allegations, on the ground that no reason is set forth why they, or either of them, are liable for such expenses. This ground of the demurrer is well taken. "The expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." Civil Code (1910), § 4392. This section is not applicable to a case where the expenses asked are connected with another action against the principal, to which the surety was not a party. *Atlantic Coast Line R. Co.* v. *Nellwood Lumber Co.,* 21 *Ga. App.* 209 (94 S. E. 86). Moreover, such items are not within the scope and purview of the bond on which the present action is maintained. Furthermore, a general allegation that the defendant acted in bad faith is not sufficient. *Lampkin* v. *Garwood,* 122 *Ga.* 407 (50 S. E. 171).

■  Applying the foregoing rulings, the judgment of the court below, sustaining the general and special demurrers to the petition, is reversed, except as to the demurrer to paragraph 25 of the petition.

*Judgment reversed, except as to demurrer to paragraph 25 of petition.   Jenkins, P. J., and Stephens and Sutton, JJ., concur.*