23891. MELTON *v.* JENKINS *et al.*

STEPHENS, J. 1. "Jurisdiction of the subject-matter is the power to deal with the general abstract question, to hear the particular facts in any case relating to this question, and to determine whether or not they are sufficient to invoke the exercise of that power. It is not confined to cases in which the particular facts constitute a good cause of action, but it includes every issue within the scope of the general power vested in the court by the law of its organization to deal with the abstract question." 17 Am. & Eng. Enc. L. (2d ed.) 1060, note 4. See Foltz *v.* St. Louis &c. R. Co., 60 Fed. 316; Cooper *v.* Reynolds, 77 U. S. 308, 316 (19 L. ed. 931).

2. Where a court has jurisdiction of the subject-matter, including jurisdiction to render a judgment adjudicating the defendant in contempt of court and committing him to imprisonment, but where, in the particular case, the court in the judgment rendered may have exceeded its jurisdiction by the rendition of a judgment adjudicating the defendant in contempt and ordering him to jail, a litigant or his attorney, who in good faith prosecutes the suit and invokes the ruling and judgment of the court, is not, where the defendant is afterwards, in the proceedings, by a judgment of the court adjudicated in contempt and committed to jail, guilty of false imprisonment. Civil Code (1910), § 4448; *Calhoun* v. *Little,* 106 *Ga.* 336, 341 (32 S. E. 86, 43 L. R. A. 630, 71 Am. St. R. 254); Foltz *v.* St. Louis &c., R. Co., supra; Booth *v.* Kurrus, 55 N. J. L. 370 (26 Atl. 1013); Gifford *v.* Wiggins, 50 Minn. 401 (52 N. W. 904).

3. A court of ordinary has jurisdiction of matters pertaining to the estates of deceased persons, jurisdiction over administrators, jurisdiction to compel administrators to account for the assets of an estate in their possession or custody, and jurisdiction in such cases to attach and punish for contempt (Civil Code (1910), §§ 4819, 4825, 4644, 4073, 4074, 4790). In a suit brought in the court of ordinary by an administrator to recover of another person residing in the county assets alleged to be in his possession belonging to the estate, and which he acquired as an administrator of the estate under an appointment as such in another State, which appointment had been obtained by fraud and had been so adjudicated in the courts of this State in a suit against him by the wife of the intestate as the sole heir-at-law, and a judgment of a court of equity of this State had been rendered in her behalf against

him for the assets, and had directed him to pay them to the wife, which judgment she had transferred to the present plaintiff as administrator of the estate, appointed in this State, the court of ordinary had jurisdiction of the subject-matter, and, assuming that the judgment of the court of ordinary, afterwards rendered in favor of the administrator against the person against whom the proceedings were brought directing the latter to pay over to the plaintiff a portion of the funds and adjudicating the defendant in contempt of court for having failed to comply with the judgment of the court to pay over the money, was a judgment rendered in excess of the court's jurisdiction, either because the defendant was not an administrator subject to the jurisdiction of the court or because the defendant did not have in his possession or control any assets belonging to the estate (*Paschal* v. *Melton*, 174 *Ga.* 910, 164 S. E. 757), or on any other ground, the plaintiff or the plaintiff's attorney was not guilty of bad faith in prosecuting the proceedings before the court of ordinary and in obtaining a judgment of that court adjudging the defendant in contempt for failure to pay over to the plaintiff assets belonging to the estate, and in committing him to jail for a failure to do so, notwithstanding the plaintiff or his attorney, in prosecuting the suit, which is one to enforce the collection, by attachment for contempt, of a sum of money alleged to be due by the defendant by reason of the judgment which had been rendered against him in another court, may have been actuated by malice and motives of resentment and spite against the defendant for a failure to pay the judgment, and, with knowledge that the defendant was insolvent and unable to pay the judgment, may have instituted the proceedings against the defendant for the purpose of humiliating him and to punish and imprison him for a failure to pay the judgment.

4. The petition, in the present suit in the superior court, which was brought by the defendant in the court of ordinary, against the wife of the deceased and the attorneys for the administrator in the suit before the court of ordinary, to recover damages for false imprisonment against them as instigators of the suit, failed to set out a cause of action for false imprisonment, and the court did not err in sustaining the general demurrer. See *Paschal* v. *Melton*, supra; *Davis* v. *Melton*, 46 *Ga. App.* 639 (168 S. E. 320).

*Judgment affirmed. Sutton, J., concurs. Jenkins, P. J., disqualified.*

DECIDED FEBRUARY 20, 1935.

*M. F. Adams, E. J. Summerour Jr.*, for plaintiff.

*S. T. Wingfield, Miles W. Lewis, R. C. Jenkins, D. D. Veal*, for defendants.