28258. LEWIS, administrator, *v.* GROVAS *et al.*

DECIDED MAY 24, 1940.

*Arthur L. Purvis,* for plaintiff in error.
*W. F. Slater, J. P. Dukes,* contra.

SUTTON, J. A. M. Lewis, administrator of the estate of J. E. Lewis, deceased, was cited for settlement before the court of ordinary of Bryan County, and judgment was rendered requiring him to make final settlement with the heirs. Without appealing in the time required by law, the administrator filed a motion to set aside the judgment, which motion was overruled. An appeal was taken to the superior court; and this court affirmed the judgment of the superior court dismissing the appeal. *Lewis* v. *Grovas,* ante, 624. After the judgment was rendered by the court of ordinary on July 8, 1939, requiring the administrator to make final settlement, and after the expiration of the time in which an appeal might have been taken from that judgment, certain heirs filed in the court of ordinary a petition praying that the administrator be required to show cause why he should not be adjudged in contempt of court for failing to comply with the judgment. The administrator filed a demurrer and an answer, demurring to the rule nisi on the ground that the judgment rendered was a money judgment for the payment of a stated amount to each heir at law of the intestate, and that contempt proceedings would not lie to enforce the collection of such judgment; and answering that his failure to make settlement was because of insufficient funds, and was not due to any contempt of court; that he did not at the time have on hand funds belonging to the estate with which to make settlement as provided in the judgment, and had not at any time had sufficient funds to make such settlement. Upon the hearing he made certain statements as to why he had not complied with the order, but admitted that he had on hand $802.48 belonging to the estate. On August 7, 1939, the court of ordinary rendered judgment requiring the administrator to pay said sum into court for distribution among the heirs pro tanto, in accordance with the judgment previously rendered, except as to one heir who had been paid in full, the said amount to be credited against the aforementioned judgment, and that he be allowed ten days in which to comply with the order, upon failure to do which "he is hereby judged in contempt of court and is committed to the common jail of Bryan County for a period of five (5) days, unless he purge himself by complying with this judgment."

On August 11, 1939, the administrator appealed to the superior court. Upon the hearing the returns and other documentary evi-

dence were introduced. The administrator testified that for certain named reasons he had not complied with the judgment of the court of ordinary as to paying into court the $802.48, but testified: "I have on hand the sum of" $802.48, belonging to the estate of J. E. Lewis, deceased. The court directed the jury to return a verdict as follows: "Has A. M. Lewis, adm. of the estate of J. E. Lewis, within his power, custody, and control the sum of $802.48 belonging to the heirs of J. E. Lewis, which he fails and refuses to pay over? Answer: Yes. So say we all. November 7th, 1939. H. L. Downs, foreman." The exception is to the direction of the verdict, and to the judgment entered thereafter, as follows: "The jury having found a verdict in favor of the applicant in the above-stated case: it is thereupon ordered, considered, and adjudged by the court that the administrator, A. M. Lewis, pay to the several heirs at law said sum of eight hundred two dollars and forty-eight ($802.48) cents, to be applied upon the judgment originally rendered against said administrator, and that upon a failure to do so he be adjudged in contempt of court. Ordered further, that the said administrator be allowed seven days from date of this judgment to comply with the same. Upon his failure to do so he is hereby committed to the common jail of Bryan County." While the administrator testified that he had not complied with the judgment of the court of ordinary, for stated reasons which he regarded as sufficient to excuse his non-performance, we have not set forth such explanations in the foregoing statement of facts, inasmuch as his further testimony that *he had on hand* $802.48 belonging to the estate of his intestate fully authorized the direction of the verdict against him. Both the superior court and the court of ordinary have the power to compel obedience to their judgments. Code, §§ 24-104, 24-2113, 24-2114. The judge of the superior court, upon a finding that the administrator had in his possession, custody, and control money which belonged to the estate of J. E. Lewis, deceased, and which he had failed and refused to pay into court for distribution among the heirs at law, as directed by a valid judgment of the court of ordinary, acted within his powers, not only in rendering judgment ordering that he pay the said amount of $802.48 to the several heirs at law, to be applied against the judgment rendered in the court of ordinary, but also in ordering that upon his failure to do so within seven days he be adjudged

in contempt of court, and that he "is hereby committed to the common jail of Bryan County."

It is contended by the plaintiff in error that he was only a debtor, and that he can not legally be imprisoned on such account; and he cites and relies on *Southwestern R. Co.* v. *Thomason,* 40 *Ga.* 408, *Wood* v. *Wood,* 84 *Ga.* 102 (10 S. E. 501), and *Everett* v. *Sparks,* 107 *Ga.* 48 (32 S. E. 878, 73 Am. St. R. 107). These cases, however, are distinguishable on their facts, and did not involve situations where the administrator *had on hand* money belonging to an estate, but in those cases only a *debt* was involved. Obviously there may be times, when an administrator is called on for settlement, that he may not actually have anything on hand belonging to the estate, because in the management thereof he might have the money loaned out or properly invested instead of its being idle and in his actual custody. The $802.48 here involved was, however, actually received and *held* by the administrator in his representative capacity. He was indebted in a far greater amount; but, as found by both the court of ordinary and the superior court, no reason existed why he should refuse to pay, as directed, at least the money which he actually had in his possession. It follows that the judge of the superior court did not err in directing the verdict, and in rendering the judgment complained of.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*