CLEMENTS vs. TILLMAN et al.*

Originally, in the absence of statutory provision, decrees of courts of equity, of whatever kind or nature, operated strictly and exclusively *in personam*, and the only remedy for their enforcement was by process for contempt. Under the legislative provisions of this State, decrees for money may be enforced by execution. When a party is decreed to perform a duty or do any act, other than the mere payment of money, which the court has jurisdiction to adjudge that he shall do, if he disobeys, he is guilty of contempt, and his arrest and imprisonment is not in violation of the constitutional prohibition of imprisonment for debt; but if a court of equity should render a simple decree for money, based on a verdict for an amount of money, such a decree may be enforced by the ordinary common law process against property; and a failure to pay the amount of the decree would not be a contempt authorizing compulsory process against the person of the party in default, to be resorted to to enforce payment. Therefore, where a money decree in favor of a legatee against an executor awarded an execution for its enforcement, it was error to add an alternative that, if the defendant failed to pay the amount of the decree by a time specified, he should be held and deemed to be in contempt.

February, 13, 1888.

Equity. Attachment for Contempt. Decrees. Executions. Constitutional Law. Before Judge SMITH. Muscogee Superior Court. May Term, 1887.

*BLANDFORD, J. being disqualified, Judge KIBBEE, of the Oconee circuit, was designated to preside in his stead.

Hattie E. Tillman, a legatee under the will of Jacob A. Clements, deceased, with her husband and trustee, William L. Tillman, filed their bill for account and settlement against John W. Clements, executor, and Sarah B. Clements, executrix, of said will. The bill contained charges of mismanagement of the estate, violations of the provisions of said will, and non-payment by the executors of the interest of complainant as legatee.

The defendants answered the bill, but as their answers are not material or necessary to an understanding of the errors complained of, they are not set forth.

The jury returned the following verdict:

"We, the jury, find that Sarah B. Clements has no property or effects of the estate of Jacob A. Clements, deceased, in her hands, as executrix, or otherwise. We, the jury, further find that John W. Clements, as executor of the will of Jacob A. Clements, deceased, has now in his hands the sum of eight hundred and ten dollars principal, and five hundred dollars interest, belonging to Hattie E. Tillman, as legatee under the will of Jacob A. Clements."

Upon this verdict the following decree was rendered by the court:

"Whereupon, the premises considered, it is ordered, adjudged and decreed by the court, that the complainant do recover the sum of eight hundred and ten dollars principal, and the further sum of five hundred dollars interest to this date, and the further sum of ———— dollars costs of suit in this behalf laid out and expended, for which said several sums let execution issue, to be levied in the first place of the goods and chattels, lands and tenements, of said Jacob A. Clements, deceased, in the hands of John W. Clements, executor of the will of said Jacob A. Clements, if to be found, and if not to be found, then to be levied of the personal goods and chattels, lands and tenements, of said John W. Clements. It is further ordered and decreed by said court, that the said John W. Clements do satisfy and pay the aforesaid amounts, principal, interest and costs, to the said complainant on or before the first day of January next, and in default thereof, that he be held and deemed to be in contempt of the order and decree of this court."

Plaintiff in error excepts to the portion of the decree embodied by the last sentence, and says the court erred in

rendering a decree to be enforced by attachment for contempt:

1st. "Because the verdict was a money verdict, and the same could only be enforced by execution.

2d. "Because the verdict of the jury was a money verdict, and could not be enforced by an attachment for contempt, and could only be enforced by execution.

3d. "Because the verdict of the jury was a money verdict, and was a debt, and to enforce the decree by an attachment for contempt would be to imprison the defendant for debt, which is prohibited by the constitution of the State.

4th. "Because the decree sought and moved for provides both for the enforcement of it by execution and an attachment for contempt, and the complainant should be required to elect whether she would proceed to enforce it by execution or attachment for contempt, if the court determined that it could be enforced by attachment for contempt."

C. J. THORNTON, for plaintiff in error.

L. F. GARRARD, for defendants.

KIBBEE, Judge, (after stating the above facts.)

Originally, in the absence of statutes providing otherwise, decrees of courts of equity, of whatever kind or nature, operated strictly and exclusively *in personam.* The only remedy for their enforcement was by what is termed process of contempt, under which the party failing to obey them was arrested and imprisoned until he yielded obedience, or purged the contempt by showing that disobedience was not wilful, but the result of inability not produced by his own fault or contumacy. The writ of assistance to deliver possession, and even the sequestration to compel the

performance of a deeree, are comparatively of recent origin.

Our statutes expressly provide that " all orders and decrees of the court may be enforced by attachment against the person; decrees for money may be enforced by execution against the property." Code, §3099. " A decree in favor of any party for a specific sum of money, or for regular instalments of money, shall be enforced by execution against property as at law." Code, §4215. " Every decree or order of a court of equity may be enforced by attachment against the person for contempt, and if a decree be partly for money and partly for the performance of a duty, the former may be enforced by execution and the latter by attachment or other process." Code, §4216.

The clear legislative intent is manifest, to enlarge and render more efficacious equitable remedies, while preserving the remedies the courts had previously employed in the absence of statutes providing others. Under our statutes, when a party is decreed to perform a duty or to do any act, other than the mere payment of money, which the court has jurisdiction to adjuge he shall do, if he disobeys, the authority of the court is defied; he is guilty of contempt, and the arrest and imprisonment of his person is not imprisonment for debt in any appropriate sense of the term. But if a court of equity should render a simple decree for money, on a simple money verdict,—a decree which it may now enforce by the ordinary common law process against property, the failure to pay the decree would not be a contempt, nor could compulsory process against the person of the party in default be resorted to to enforce payment.

In Coughlin *vs.* Ehlert, 39 Mo. 285, the court uses the following language : " We do not mean to say that a party may not be put in contempt for disobeying a decree for the performance of acts which are within his power, and which the court may properly order to be done. If it

were shown, for instance, that the party had in his possession a certain specific sum of money or other thing, which he refused to deliver up under the order of the court for any purpose, it may very well be that his disobedience would be a contempt for which he might lawfully be imprisoned." In *Carlton vs. Carlton,* 44 *Ga.* 220, Judge McCAY, delivering the opinion, says : " We do not intend to say that, simply because a debt is adjudged by a decree in chancery instead of by a judgment at law, it may therefore be enforced by imprisonment. The imprisonment must be clearly for the contempt of the process of the court, and be of one who is able and unwilling to obey the order of the court. . . . . . It ought never to be resorted to except as a penal process, founded on the unwillingness of the party to obey. The moment it appears that there is inability, it would clearly be the duty of the judge to discharge the party," etc. The court further held that, " ordinarily, it would be improper to include in the order the alternative order for imprisonment on failure, since it is not to be presumed that a contempt will ensue."

The constitutional provision, " there shall be no imprisonment for debt," was not intended to interfere with the traditional power of chancery courts to punish for contempt all refusals to obey their lawful decrees and orders. This proposition may be conceded to be sound without affecting the case at bar in any respect. " The power in question was never exercised by chancery courts, except in those cases where a trust in the property or fund arose between the parties litigant, or some specific interest in it was claimed, or the chattel had some peculiar value and importance, that a recovery of damages at law for its detention or conversion was inadequate. Such interference was in the nature of a bill *quia timet,* and was asserted only on a proper showing that the fund or property was in danger of loss or destruction." 1 Story Eq. Jur. §§708–710. " No jurisdiction to compel the payment of

an ordinary money demand unconnected with such peculiar equities, ever existed in chancery courts, nor had they the power to compel such payment by punishing the refusal to pay under the guise of contempt."

In the case at bar, the decree was right in awarding an execution against the executor, as set forth in said decree, but the facts did not authorize an alternative order imprisoning the defendant on failure to pay.

Judgment reversed.