EVERETT *et al. v.* SPARKS, administrator.

Attachment for contempt is not a remedy for enforcing the payment of a judgment for money, rendered against an administrator by a court of ordinary upon a citation to account instituted by heirs.  This is true though the judgment may recite that the amount for which it is rendered is "in the hands of said administrator to be administered," when it is apparent from the record of the entire proceeding that the administrator was simply adjudged liable as a debtor in the amount stated, and there was no adjudication that he actually had in his hands "the identical money derived from the estate or its assets."

Argued February 13, — Decided March 17, 1899.

Contempt — appeal.   Before Judge Felton.   Houston superior court.   April term, 1898.

*A. C. Riley* and *M. G. Bayne*, for plaintiffs.
*Bacon, Miller & Brunson*, for defendant.

LUMPKIN, P. J.   The ordinary of Houston county, at the instance of Fannie Everett and others, heirs at law of J. J. Everett deceased, issued a citation against O. G. Sparks, administrator, requiring him to appear and submit to a settlement of his accounts.   He made no appearance; and the ordinary, after an examination of the administrator's returns and making a calculation thereon, rendered a judgment in favor of the plaintiffs, specifying therein that each was entitled to recover of the defendant an amount stated, and reciting "that said administrator has in his hands and is now due the heirs of said estate the sum of $451.93."   Subsequently, the plaintiffs instituted in the court of ordinary an attachment proceeding, wherein they prayed that, in default of his paying over to them the above-mentioned sum, the administrator be imprisoned as for a contempt of court.   This latter case went by appeal to the superior court, and there, on motion of counsel for the administrator,

the proceeding was dismissed on the ground that he was not subject to an attachment for contempt nor liable to be imprisoned for failing to pay the judgment rendered against him in the court of ordinary.

We think the court below was right in dismissing the proceeding. We do not understand from the record that the administrator was adjudged to have in his hands the actual money which he received in his representative capacity. All of the money with which he was chargeable was received by him in 1895, and the citation was not issued until October, 1897. It was therefore to be expected that the money assets of the estate were to be used, loaned out, or invested by the administrator, and not kept idle or in his actual custody. Properly construed, then, the judgment rendered by the court of ordinary, although it recited that the administrator had "in his hands" a specified sum of money, was no more than an adjudication that he was indebted in this amount to the heirs of his intestate. The case is very similar to that of *Wood* v. *Wood*, 84 *Ga.* 102, and also to the case therein cited of *Clements* v. *Tillman*, 79 *Ga.* 451. In the former, Chief Justice Bleckley said : "Since the abolition of imprisonment for debt by the constitutions of 1868 and 1877, we think the sounder and better construction of § 2599 of the Code [§ 3494 of the Civil Code], touching the enforcement of judgments rendered by the ordinary against executors and administrators on citations to account, is that mere money liabilities, where no specific fund is involved, are enforceable only by execution against the property; and not by attachment against the person." *Judgment affirmed.    All the Justices concurring.*