## COUTS v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 4, 1918.)

No. 4992.

1. CONTEMPT ⊜66(3) — REVIEW — PRESENTATION OF QUESTIONS IN COURT BELOW.

Where not raised in the lower court, the objection that the evidence was insufficient to warrant a finding that defendant was guilty of contempt cannot be raised on writ of error.

2. CONTEMPT ⊜66(6½) — REVIEW — ERRORS NOT ASSIGNED.

Where an information charging contempt was not attacked in the court below, and there was no assignment of error that it did not state facts sufficient to constitute a contempt, objections to the information, which are not plain, but are of a technical character, cannot be considered under rule 11 (150 Fed. xxvii, 79 C. C. A. xxvii), allowing the Circuit Court of Appeals to consider a plain error not assigned.

3. JURY ⊜25(2) — CONTEMPT — PROCEEDINGS — DEMAND FOR JURY TRIAL.

Act Cong. Oct. 15, 1914, c. 323, § 21, 38 Stat. 738 (Comp. St. 1916, § 1245a), declares that any person who shall willfully disobey any lawful writ, process, order, decree, or command of the District Court, if the act or thing so done by him shall be of such character as to constitute a criminal offense under any statute of the United States or laws of the state in which the act was committed, shall be proceeded against for contempt. Section 22 (Comp. St. 1916, § 1245b) declares that in all cases within the act trial may be by the court, or upon demand of the accused by a jury, while section 24 (Comp. St. 1916, § 1245d) declares that nothing in the act be construed to relate to contempts committed in the presence of the court, or so near thereto as to obstruct the administration of justice. Defendant, for an attempt to influence a juror as to his verdict, was punished under Judicial Code (Act March 3, 1911, c. 231) § 268. 36 Stat. 1163 (Comp. St. 1916, § 1245), making misbehavior so near the court as to obstruct the administration of justice a contempt, although his act was a criminal offense both under Penal Code (Act March 4, 1909, c. 321) § 135, 35 Stat. 1113 (Comp. St. 1916, § 10305), as well as the laws of the state in which the court was sitting. *Held* that, though defendant was adjudged guilty on hearing to the court without a jury, he cannot complain that he was denied a jury trial on the theory that section 24, Act of 1914, was invalid as class legislation, for sections 21 and 22 do not cover contempts of the class of which defendant was found guilty, and further the record showed no demand by defendant for jury trial.

In Error to the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

James F. Couts was found guilty of contempt under Judicial Code, § 268, on an information filed by the United States attorney upon leave granted, and brings error. Affirmed.

Battle McCardle, of Kansas City, Mo. (Frank L. Barry, of Kansas City, Mo., on the brief), for plaintiff in error.

Sam O. Hargus, Asst. U. S. Atty., of Kansas City, Mo. (Francis M. Wilson, U. S. Atty., of Kansas City, Mo., on the brief), for the United States.

Before SANBORN, CARLAND, and STONE, Circuit Judges.

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

CARLAND, Circuit Judge. Upon leave granted, the United States attorney for the Western district of Missouri filed an information in the court below charging the plaintiff in error, hereafter called defendant, with the commission of certain acts which it was alleged constituted a contempt of said court. Without making any objection to the information filed against him, the defendant entered a plea of not-guilty. After a hearing by the court he was found guilty of the contempt charged and sentenced to imprisonment for the period of 60 days in the common jail of Jackson county, Mo.

[1, 2] Assignments of error Nos. 1, 2, 3, 4, and 5 present the question as to whether the evidence was sufficient to justify the finding and judgment of the court. As this question was in no wise raised during the trial, it may not be considered. The information was not attacked in the court below, and there is no assignment of error that it does not state facts sufficient to constitute a contempt. We are asked, however, to consider objections made here to the information under rule 11 of this court, providing that we may at our option notice a plain error not assigned. There are two reasons why we should not do this in the present case: First, the alleged errors are not plain; and, second, they are of a technical character.

[3] The defendant further alleges that he was found guilty and punished for misbehavior so near the court as to obstruct the administration of justice under section 268 of the Judicial Code; that the act for which he was punished (attempt to influence a juror as to his verdict in a case on trial) is a criminal offense under section 4356, Revised Statutes of Missouri, and section 135 of the Penal Code of the United States; that by sections 21, 22, and 24 of the Act of Congress of October 15, 1914 (38 Stat. 730, c. 323), it is provided as follows:

"Sec. 21. That any person who shall willfully disobey any lawful writ, process, order, rule, decree, or command of any District Court of the United States, or any court of the District of Columbia by doing any act or thing therein, or thereby forbidden to be done by him, if the act or thing so done by him be of such character as to constitute also, a criminal offense under any statute of the United States, or under the laws of any state in which the act was committed, shall be proceeded against for his said contempt as hereinafter provided.

"Sec. 22. [Paragraph 2] In all cases within the purview of this act such trial may be by the court, or, upon demand of the accused, by a jury; in which latter event the court may impanel a jury from the jurors then in attendance, or the court or the judge thereof in chambers may cause a sufficient number of jurors to be selected and summoned, as provided by law, to attend at the time and place of trial, at which time a jury shall be selected and impaneled as upon a trial for misdemeanor; and such trial shall conform, as near as may be, to the practice in criminal cases prosecuted by indictment or upon information. * * *

"Sec. 24. That nothing herein contained shall be construed to relate to contempts committed in the presence of the court, or so near thereto as to obstruct the administration of justice, nor to contempts committed in disobedience of any lawful writ, process, order, rule, decree, or command entered in any suit or action brought or prosecuted in the name of, or on behalf of, the United States, but the same, and all other cases of contempt not specifically embraced within section 21 of this act, may be punished in conformity to the usages at law and in equity now prevailing."

On this state of the record, in connection with the act of Congress above quoted, counsel for defendant contends that he was, in some way not easily understood, deprived of a trial by jury. The argument in support of the contention is this: A person proceeded against for contempt under sections 21 and 22, above quoted, is entitled upon demand to a trial by jury. By section 24, above quoted, a person prosecuted for a contempt such as was charged against defendant, is not entitled to a jury trial; therefore the law contained in the above three sections is void, as class legislation and discriminatory against defendant, the classification being arbitrary, and not based upon any reasonable ground.

Assuming, but not deciding, that there is in the Constitution of the United States provisions which would strike down the sections above quoted for the reasons stated, it would not help the defendant, as it is conceded that there then would be no law providing for a jury trial in contempt cases; but counsel ask us to strike down section 24, above quoted, as that is the section which causes the discrimination, and then elevate him into sections 21 and 22. If this were done, however, still the defendant would not be benefited for two reasons. Sections 21 and 22, without section 24, do not cover the kind of contempt charged against him, and, if they did, a jury trial is only granted upon demand, and the record does not show that any such demand was made. It thus appears that the constitutional question is a mirage; nothing more.

The judgment below is affirmed.