### McFARLAND v. UNITED STATES.

### E. PORTER PRODUCTS CO. v. SAME.

(Circuit Court of Appeals, Seventh Circuit. December 14, 1923. Rehearing Denied in No. 3163, February 7, 1924.)

Nos. 3163, 3164.

**1. Intoxicating liquors ⬲273—Temporary injunction abating nuisance may issue without notice.**

Under Prohibition Act, tit. 2, § 22 (Comp. St. Ann. Supp. 1923. § 10138½k), on the required showing, a temporary writ of injunction abating a nuisance may issue without notice, notwithstanding the general provisions of Clayton Act, § 17 (Comp. St. § 1243a), and equity rule 73.

**2. Contempt ⬲57—Refusal to plead equivalent to arraignment.**

Where defendants, when asked to plead to an information charging criminal contempt, refused to answer on advice of counsel, there was a sufficient arraignment.

**3. Intoxicating liquors ⬲278—Injunction held not to prohibit manufacture of near beer; "intoxicating liquor."**

An injunctional order prohibiting the manufacture or sale of intoxicating liquor on premises described *held* not to prohibit the manufacture of near beer, containing less than the prohibited percentage of alcohol, though at one stage of the process the percentage was greater, the excess being afterward extracted.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Intoxicating Liquor.]

**4. Contempt ⬲20—Order must be clear and specific to warrant criminal proceedings for disobedience.**

The terms of a court order should be clear and specific to warrant a criminal proceeding against one for disobeying it.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Proceeding by the United States against Thomas McFarland for criminal contempt, and also against the E. Porter Products Company. From orders adjudging defendants guilty, they bring error. Reversed as to McFarland, and affirmed as to the Products Company.

Charles H. Hamill, of Chicago, Ill., for plaintiffs in error.

Edwin A. Olson and C. W. Middlekauff, both of Chicago, Ill., for the United States.

Before BAKER and EVANS, Circuit Judges.

EVAN A. EVANS, Circuit Judge. For violating an injunctional order issued in an equity suit brought under section 22 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½k), the

two above-named plaintiffs in error were punished as for criminal contempt. A third party, Patrick McFarland, was discharged. The writs of error present some different questions, though most of the controverted issues are the same. Argued together on the same record, they will be disposed of in one opinion.

[1] The temporary "writ of injunction," as it is termed, was issued without notice, and is attacked as absolutely void (because of equity rule No. 73 and section 17 of the Clayton Act [Comp. St. § 1243a]). Its violation, so it is contended, affords no basis for criminal contempt proceedings.

This same question was presented to us, and decided adversely to plaintiffs in error in Lewinsohn v. United States (C. C. A.) 278 Fed. 421. Counsel for plaintiffs in error, while recognizing the effect of this holding, earnestly urge us to reconsider the views there expressed, and to reconcile section 22 of the National Prohibition Act with the practices prescribed by equity rule No. 73 and the section of the Clayton Act referred to. We have given further study to the question, with the result that our conclusion respecting the intent and purpose of Congress in enacting section 22 of the National Prohibition Act has been confirmed.

That there is a repugnancy between section 22 of this latter act and equity rule No. 73 and section 17 of the Clayton Act must be conceded. It is also apparent, we think, that it was the obvious and the expressed intention of Congress, in enacting the National Prohibition Act, to make an exception to the general rule and prescribe a specific code of practice or procedure which governs equity suits authorized by the act to be brought to abate nuisances. When Congress provided, "If it is made to appear by affidavits or otherwise to the satisfaction of the court, or judge in vacation, that such nuisance exists, a temporary writ of injunction shall forthwith issue restraining the defendant from conducting or permitting the continuance of such nuisance until the conclusion of the trial," it left no room for doubt respecting its intention to authorize the issuance of injunctions without notice which were to continue until "the conclusion of the trial." In the present suit it appeared that defendant answered the bill of complaint, never sought to modify or vacate the "writ of injunction," and while the suit was thus pending and before its trial committed the alleged contempt.

[2] It is also urged that plaintiffs in error were tried without being arraigned. This contention likewise is rejected. Passing all question of the effect of an answer and appearance by counsel in response to a charge that defendants willfully disobeyed a court's order, it is apparent that an arraignment, or its equivalent, took place. When the parties were brought before the court, counsel for the government stated, "I ask your honor that the defendants be arraigned." The court ordered the defendants to stand up, and they were asked whether they knew "the contents of this information that has been filed against you." The attorney representing the defendants then advised his "client not to answer." Counsel for the government then inquired, "I will ask the two gentlemen, are you guilty, or are you not guilty?" and counsel for defendants replied: "I advise you not to answer.

There is no charge against them. That is the reason that they do not answer." This was due process of law. Garland v. State of Washington, 232 U. S. 642, 34 Sup. Ct. 456, 58 L. Ed. 772; Tuttle v. Hutchison, 173 Iowa, 503, 151 N. W. 845.

Respecting the issues of fact, little need be said. In view of the admissions in the answer, we conclude that defendants had knowledge of the existence of the "writ of injunction." The evidence justified the finding that the corporation, the E. Porter Products Company, willfully disobeyed the injunctional order. Respecting the plaintiff in error in No. 3163, Thomas McFarland, we find no evidence that shows a willful violation of the order.

[3] It appears from the record that the brewery, subsequent to the date of the injunctional order, continued to make "near beer," a beverage containing less than one-half of 1 per cent. of alcohol. It also appears that in the process of making near beer the beverage at one stage of its manufacture contains more than the minimum amount allowed by the Prohibition Act, but this excess, in the further processes, is extracted. The government evidently proceeded upon the theory that the injunctional order as originally drawn restrained the defendants from making this near beer. We do not so construe the order.

[4] The order prohibited the maintenance of a nuisance upon the premises described. The particular nuisance enjoined was the manufacture, sale, and distribution of beverage liquor. We do not think it was the fair intent of the order to prohibit the manufacture, sale, or distribution of nonintoxicating beverage, to wit, near beer. Certainly before one may be punished for contempt for violating a court order, the terms of such order should be clear and specific, and leave no doubt or uncertainty in the minds of those to whom it is addressed.

There was evidence in the case, in addition to proof that near beer was being manufactured therein, that a truck load of intoxicating liquor (beer containing more than 3 per cent. of alcohol content) was removed from the brewery one night. The evidence, however, fails to show that Thomas McFarland knew of or had any part in such transaction.

The judgment in No. 3164, directed to E. Porter Products Company, is affirmed. The judgment in No. 3163, against Thomas McFarland, is reversed, and a new trial ordered.