## DONATO v. UNITED STATES.
### No. 4492.

Circuit Court of Appeals, Third Circuit.
March 18, 1931.

George R. Sommer, of Newark, N. J., for appellant.

Phillip Forman, U. S. Atty., of Trenton, N. J., and Horace C. Jeffers, Asst. U. S. Atty., of Morristown, N. J.

Before WOOLLEY and DAVIS, Circuit Judges, and THOMPSON, District Judge.

DAVIS, Circuit Judge.

This is an appeal from a decree of the District Court adjudging the defendant guilty of contempt for violating its injunctive order.

On June 26, 1928, the United States attorney filed a bill for an injunction to abate a nuisance alleged to have been maintained on the premises known as the Colonial Inn, in Singac, Passaic county, N. J. In due course the case was tried, and on April 12, 1929, the court found that a nuisance was maintained on the premises and the defendants, including Donato, were on April 22, 1929, enjoined

from manufacturing, selling, bartering, or storing on the premises or any part thereof any liquor containing one-half of 1 per cent. or more of alcohol by volume, and the barroom was padlocked for one year. Subsequently the appellant filed a bond in the sum of $1,000 conditioned that the law would not be violated in the padlocked portion of the premises, and the decree was thereupon modified to the extent that the premises might be used for legal purposes.

On September 10, 1929, an information was filed, charging Donato with contempt of court for violating the decree by keeping and selling on the padlocked portion of the premises intoxicating liquor fit for beverage purposes and containing more than one-half of 1 per cent. of alcohol by volume.

The defendant was apprehended on a bench warrant. He pleaded not guilty, was tried by the court, found guilty of contempt, and sentenced to 90 days in jail.

He appealed to this court, and says the decree of contempt should be reversed because the contempt was civil and not criminal, and therefore he was improperly sentenced for a fixed term.

The question of whether contempt under section 24 of the National Prohibition Act under which the court here proceeded is civil or criminal has been decided at least twice before, and both times it was held that the proceedings for violation of an injunction under this section were criminal in nature. Pino v. United States, 278 F. 479 (C. C. A. 7); McGovern v. United States, 280 F. 73 (C. C. A. 7), certiorari denied 259 U. S. 580, 42 S. Ct. 464, 66 L. Ed. 1073.

One of the important tests in determining whether contempt is civil or criminal is the purpose of the punishment. If the purpose of the punishment is remedial, intended to bring about the performance of an act which the court had commanded for the benefit of the injured party, the contempt is civil. But if the public is a party and the punishment for doing a forbidden act is punitive, to vindicate the authority of the court, the contempt is criminal. In re Kahn et al. (C. C. A.). 204 F. 581; Biderman v. Cooper (C. C. A.) 273 F. 683; Doyle v. London Guarantee, etc., Co., 204 U. S. 605, 27 S. Ct. 313, 51 L. Ed. 641; Gompers v. Buck's Stove, etc., Co., 221 U. S. 418, 31 S. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874. The application of this test to the facts of the case at bar plainly shows that the contempt was criminal and not civil.

There is no merit in the argument of the appellant that, if this is criminal contempt, he has been deprived of his right to a trial by jury as provided in the Act of October 15, 1914, c. 323, §§ 21 and 22 (28 USCA §§ 386 and 387). In contempt proceedings, a defendant is not entitled to a trial by jury without statutory authority, and then only in the particular cases to which the statute applies. The provisions of sections 21 and 22 of the Act of October 15, 1914, are not available in proceedings under section 24 of title 2 of the National Prohibition Act (27 USCA § 38). Couts v. United States (C. C. A.) 249 F. 595; Lewinsohn v. United States (C. C. A.) 278 F. 421, 428; McGibbony v. Lancaster (C. C. A.) 286 F. 129; Maynard v. United States, 57 App. D. C. 314, 23 F.(2d) 141; Eilenbecker v. Plymouth County, 134 U. S. 31, 10 S. Ct. 424, 33 L. Ed. 801; Michaelson v. United States, 266 U. S. 42, 45 S. Ct. 18, 69 L. Ed. 162, 35 A. L. R. 451. The Act of October 15, 1914, c. 323, §§ 21 and 22 (28 USCA §§ 386, 387).

The appellant argues that he gave a bond at the time of the final decree entered in the padlock proceedings for the express purpose of settling the punishment which would be imposed on him in the event that he should violate the terms of the decree; and consequently the contempt proceedings were an attempt to subject him to double jeopardy. This contention is unsound, for the reason that the facts in this case do not constitute double jeopardy as defined by the cases. The constitutional prohibition is not against double punishment, but against being "twice put in jeopardy," double trial. Bens v. United States, 266 F. 152, 159 (C. C. A. 2); United States v. One Buick Coach Automobile (D. C.) 34 F.(2d) 318, 321; United States v. Ball, 163 U. S. 662, 669, 16 S. Ct. 1192, 41 L. Ed. 300.

It is urged that, if there was a violation of the law on the appellant's premises, it did not take place in the padlocked portion thereof. The decree was directed against "the entire barroom in the two story frame building." The barroom referred to was after the entry of the decree enlarged by increasing its length about seven feet. After the enlargement, the barroom was called the "grillroom." The prohibition agents purchased liquor and obtained several samples of beer, it is contended, in this enlarged portion of the room. The appellant cannot thus escape the consequences of his conduct by what amounts to a subterfuge.

The appellant insists that in contempt proceedings of this kind, it must be shown that there has been a willful and continuous violation of the court's order. Webb v. United States (C. C. A. 8) 14 F.(2d) 574, 49 A. L. R. 612. This objection must likewise fail. It is true in the present case that the government's evidence actually shows violations of the decree on one night only. But a single sale may be made under circumstances which establish the maintenance of a nuisance. Lewinsohn v. United States, 278 F. 421 (C. C. A. 7); Singer v. United States (C. C. A.) 288 F. 695; Schechter v. United States, 7 F.(2d) 881 (C. C. A. 2); Hermansky v. United States, 7 F.(2d) 458 (C. C. A. 8). However, we are here not dealing with the establishment of a nuisance, but with the violation of a decree forbidding specified conduct after the maintenance of a nuisance has been established.

The evidence clearly establishes the deliberate violation of the injunctive order of the court. The learned District Judge did not commit error, and the decree is affirmed.