**WALLING, Adm'r of Wage and Hour Division, U. S. Dept. of Labor, v. CRANE et al.**

Civil Action No. 2388.

District Court, N. D. Georgia, Atlanta Division.

Dec. 28, 1945.

Dakyns B. Stover and James H. Shelton, both of Atlanta, Ga., for plaintiff.

Heyman, Howell & Heyman and Hugh Howell, all of Atlanta, Ga., for defendant.

UNDERWOOD, District Judge.

The above case came on for hearing upon an application presented by L. Metcalfe Walling, Administrator of the Wage and Hour Division of the United States Department of Labor, successor in office to Philip B. Fleming, for adjudication against Ambers C. Crane for contempt because of alleged violations of a consent decree and injunction entered in this case on April 28, 1941, consisting, it is alleged, of said defendant's failure to pay employees engaged in interstate commerce and in the production of goods in interstate commerce, the minimum wages provided in the Fair Labor Standards Act of 1938, § 1 et seq., 29 U.S.C.A. § 201 et seq., and failure to make and keep records of the hours of labor of such employees and the shipment in interstate commerce of goods produced by such employees, all as required by the Fair Labor Standards Act.

This application was supported by the affidavit of Brooks B. Patterson, an Inspector employed by the Wage and Hour Division, United States Department of Labor, reciting that he believes, and consequently alleges, that said defendant was guilty of the violations alleged.

Rule to show cause directed to said Ambers C. Crane issued ordering him to show cause why the application should not be granted and he held in contempt of court.

Defendant moved to dismiss the application on the ground that the proceeding was for criminal contempt, 28 U.S.C.A. § 386, and that the Administrator had no authority to proceed therein. After hearing and consideration, the Court concluded that the proceeding was one for criminal contempt and entered an order directing the United States Attorney to investigate the matter and proceed as he might find the facts justified. The Court appointed the attorneys, Mr. James H. Shelton and Mr. Dakyns B. Stover, who filed the application on behalf of the Administrator, to assist the United States Attorney.

The demand for jury trial filed by the accused in accordance with 28 U.S.C.A. § 387 was granted. Thereafter petitioner filed a motion for rehearing and for privilege to submit authorities which were not called to the Court's attention at the time of the hearing.

The motion for rehearing was granted. The rehearing was had, briefs filed, and the case taken under advisement.

■ Since the Administrator is an Agent of the United States and sued on behalf of the United States, it seems clear that 28 U.S.C.A. § 387 is not applicable. Proceedings by and on behalf of the United States are excepted from the provisions of said section, 28 U.S.C.A. § 389. It appears, therefore, that the Court erred in directing procedure under Section 387 and that the proceeding must be under the provisions of 28 U.S.C.A. § 385. Hill v. United States, 300 U.S. 105, 57 S.Ct. 347, 81 L.Ed. 537.

The questions remaining for decision are, whether or not the proceeding in question is one of criminal or civil contempt and whether the United States Attorney or the Administrator should prosecute same on behalf of the United States.

The original petition upon which the decree in question was based was not for the enforcement of an order of the Administrator nor purport to sue for or pray for relief on behalf of said employees, or for any relief except that defendants be enjoined from violating provisions of the Act, "and such other and further relief as may be necessary and proper."

There was no order of the Administrator involved or to be enforced, but only violations of the Act itself. Under the Act and in the circumstances of the case, he was authorized to follow one of two procedures, or both. He could have the United States Attorney institute criminal proceedings under 29 U.S.C.A. § 216(a), or, as was done in this case, file a petition for injunction under 29 U.S.C.A. § 211.

Section 216(a) provides that any person who willfully violates any of the provisions of the Act "shall upon conviction thereof be subject to a fine of not more than $10,000, or imprisonment for not more than six months, or both." 29 U.S.C.A. § 216(a).

Section 211 provides that: "Except as provided in Section 12 (Section relating to Child Labor provisions), the Administrator shall bring all actions under Section 17 to restrain violations of this Act." Fair Labor Standards Act, § 11, 52 Stat. 1066, 29 U.S.C.A. § 211. The District Courts of the United States are given jurisdiction of such proceedings by Section 17, 29 U.S.C.A. § 217.

The Act also provides that the employer who violates said provisions shall be liable to the employees, not to the Administrator, in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and an additional equal amount as liquidated damages, together with reasonable attorney's fees and costs of the action. 29 U.S.C.A. § 216(b).

The Act further provides that the "action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated," etc. 29 U.S.C.A. § 216(b).

■ Neither the Administrator, nor any employee, has sued to recover such unpaid wages and liquidated damages, but the remedy of injunction alone was prayed for and decreed. The Administrator is not authorized to sue for wages of employees. His authority in the enforcement of the Act is limited to suit for injunction and to procurement, through the United States Attorney, of criminal proceedings in the name of the United States.

He seeks here to do indirectly by a contempt proceeding what he is denied power to do in a direct action. That is, as frankly argued at the hearing, to compel defendant to pay employees wages which he claims are due them, but which defendant denies he owes and which have not been proved in any proceeding.

The original suit did not and could not, under the Act, proceed for the recovery of unpaid minimum wages or the determination of and judgment for specific amounts alleged to be due employees. These were claims wholly outside the scope of any decree that could have been rendered in the case and could be reduced to judgment only in a suit by employees in which defendant would be entitled to a trial by jury.

■ Only an injunction against violation of the Act was sought and decreed. Violation of the decree is a public wrong, not a private injury to the Administrator nor injury to his authority as Administrator, which would entitle him to remedial process, since he possesses no right to any benefit for himself individually or as Administrator or for the employees or anyone else. After he has secured an injunction, its enforcement becomes a matter of the assertion of a public right and vindication of the authority of the court. Where an agent or agency of the Government is not given authority to prosecute suits independently, they must be brought by the Attorney General or by his authority. 29 U.S.C.A. § 204(b). It is the long established policy and practice of the Government that, except where Congress has specifically directed otherwise, all litigation on behalf of the Government shall be under the authority and direction of the Attorney General. In this way uniformity of policy and direction is maintained.

The Administrator maintains that to deny him the right, in his own name and without authority from or consultation with the Attorney General, to prosecute contempt proceedings such as this, would be to reduce the injunctive provisions to "surplusage since the statute provides independent penalties." I do not think so, but if I did, it would be immaterial. The question is not whether he ought to have this power, but whether Congress granted him this authority. There is no express grant, and if it ex-

ists, it must be by implication. It seems to me the implications are the other way. He is by the Act denied authority to sue for unpaid minimum wages on behalf of the employees and he claims no pecuniary or private interest in the litigation and alleges no personal or official damages. If contempt should be found and fine imposed, it would not go to the Administrator or the Department of Labor or to the employees, unless the Court, in the exercise of a valid judicial discretion, wholly independent of the Administrator's authority, so direct, not as recovery for violation of a right prosecuted in the suit, but as penalty or means of purging the contempt in vindication of the Court's authority.

As stated in McCrone v. United States, 307 U.S. 61, 64, 59 S.Ct. 685, 686, 83 L.Ed. 1108, "While particular acts do not always readily lend themselves to classification as civil or criminal contempts, a contempt is considered civil when the punishment is wholly remedial, serves only the purposes of the complainant, and is not intended as a deterrent to offenses against the public." The facts in this case point to classification of the acts charged as criminal contempt and "carry the criminal hallmark." Nye v. United States, 313 U.S. 33, 43, 61 S.Ct. 810, 813, 85 L.Ed. 1172.

The principal cases relied on by the Administrator are cases brought and prosecuted in the name of the United States, where the issue of proper party was not raised, or by private parties, as in cases where private individuals sought enforcement of orders of the National Labor Board. The courts found that such private parties had no standing in court but that the proceedings must be in the name of the National Labor Board. These and other cases like them are distinguishable from the case at bar because of difference in authority delegated.

No order or finding of the Administrator is sought to be enforced in this case. He has no authority to pass orders with respect to violations of the Fair Labor Standards Act, but is limited in his power to the filing of petition for injunction or bringing the violations to the attention of the Department of Justice for prosecution as criminal offenses. Agencies expressly authorized to make orders and to apply to the courts for enforcement are on a different footing. Such agencies are the National Labor Board, 29 U.S.C.A. § 160(c) and (e); the Securities Exchange Commission, 15 U.S.C.A. §§ 78s and 78y; the Federal Trade Commission, 15 U.S.C.A. § 45, 28 U.S.C.A. § 225(e); the Federal Reserve Board, 12 U.S.C.A. § 248, 28 U.S.C.A. § 225(e); Interstate Commerce Commission, 49 U.S.C.A. §§ 304, 305, 28 U.S.C.A. § 225(e); Federal Communications Commission, 47 U.S.C.A. §§ 303, 312, 361 and 401; Federal Power Commission, 16 U.S.C.A. §§ 825h and 825l; and other like agencies.

The Administrator, as well as defendant, maintains that if the Court should find the contempt alleged to be criminal, his application should be dismissed and the matter referred to the United States Attorney. I so find.

Whereupon, it is considered, ordered and adjudged that the opinion and order on application for contempt filed September 11, 1945, be, and hereby is, recalled and revoked and this opinion and order filed in its place. It is further ordered that said application of the Administrator be, and hereby is, dismissed.