**WALLING, Adm'r of Wage and Hour Div., U. S. Dept. of Labor, v. CRANE et al.**

No. 11679.

Circuit Court of Appeals, Fifth Circuit.

Nov. 8, 1946.

Rehearing Denied Dec. 6, 1946.

William S. Tyson, Sol., U. S. Dept. of Labor, Morton Liftin, Asst. Sol., U. S. Dept. of Labor, George M. Szabad, Chief Appellate Section, U. S. Dept. of Labor and Frederick U. Reel, Sr. Atty., Dept. of Labor, all of Washington, D. C., Geo. A. Downing, Regional Atty., Wage & Hour Div., James H. Shelton and Daykins ₁B. Stover, Attys., Wage & Hour Div., U. S. Dept. of Labor, all of Atlanta, Ga., for appellant.

Hugh Howell and Hugh Howell, Jr., both of Atlanta, Ga., for appellees. CONTRA.

Before HOLMES, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

The Administrator of the Wage and Hour Division, United States Department of Labor, procured a consent decree on April 28, 1941, and an injunction in this case against Appellees, as well as a large number of others, enjoining them, generally, against violating any of the provisions of the Fair Labor Standards Act, 29 U.S.C. A. § 201 et seq., and specifically against: (1) Failing to pay their employees the statutory wage; (2) failing to pay overtime for hours worked in excess of forty per week; (3) transporting, offering for transportation, shipping, delivering, or selling goods in commerce which were produced by employees who were not paid the wages or overtime provided by the Act; (4) failing to keep records as provided by the Act.

An affidavit by Brooks B. Patterson, Inspector of the Wage and Hour Division of the Department of Labor, made the 19th day of January, 1945, alleged that from July 1, 1941, to June 30, 1944, Appellees have failed and refused to comply with the judgment of the Court in that:

(1) They have paid their employees who were engaged in, or engaged in the production of goods for, and in processes and occupations necessary to the production of goods for, interstate commerce, wages less than the minimum prescribed by law.

(2) They likewise have failed and refused to pay time and one-half for overtime in excess of the forty-hour workweek.

(3) They have failed to make and keep records of the persons employed, etc., as required by Section 11(c) of the Act.

(4) They have transported, offered for transportation, shipped, delivered, and sold in commerce, and have shipped, delivered, and sold with knowledge that shipment, delivery, and sale thereof in commerce was intended, goods produced by their employees, in the production of which the wage and overtime provisions of the Act were not observed.

Based upon the affidavit of Inspector Patterson, the Administrator filed a petition, in the same cause in which the original injunction was issued, containing essentially the same allegations as did the affidavit of

Patterson. In this petition he prayed that a rule to show cause issue for the Appellees, directing them to appear before the Court, at a time to be fixed, to show cause "why they should not be adjudged guilty of contempt of court and punished therefor" and that such punishment be imposed as the Court deems appropriate in the premises.

Appellees, in response, after denying all violations of the injunctive decree, contended, among other things, that the proceeding was in criminal contempt, which the Administrator was without authority to institute. The Court below agreed with that contention and dismissed the petition.

In the conclusions of the lower Court the following considerations were set forth:

(1) That in the light of the decision in Hill v. United States, 300 U.S. 105, 57 S.Ct. 347, 81 L.Ed. 537, such a proceeding by the Administrator is one in which the United States is a party, and Section 385, Title 28 U.S.C.A., instead of Section 387, Title 28 U.S.C.A., is the applicable statute under which the proceedings must be brought.

(2) That the injunctive decree was not rendered for the enforcement of any order of the Administrator.

(3) That the original proceeding, in which the injunctive order was rendered, did not purport to sue for, nor pray for, any relief, or recovery, on behalf of the employees, but only to enjoin the defendants from violating the provisions of the Act, "and such other and further relief as may be necessary and proper."

(4) That the Administrator, in cases of violation of the Act, had two courses open: (1) Procure the United States Attorney to institute criminal proceedings under Section 16(a) of the Act; 29 U.S.C.A. § 216; or (2) file a petition for injunction under Sections 11 and 17 of the Act, 29 U.S.C.A. §§ 211 and 217.

(5) That under Section 17 of the Act, 29 U.S.C.A. § 217, the District Courts of the United States are given jurisdiction to try, and under Section 11, 29 U.S.C.A. § 211, the Administrator is authorized to bring, all actions to restrain violations of the Act.

(6) Any action to recover for liability for wages and overtime under Section 16 (b) could only be brought by employees for themselves and others similarly situated, and the Administrator was not authorized to sue for wages of employees; his weapons of enforcement being suits for injunction and the procurement of criminal proceedings in the name of the United States.

(7) In the original proceeding neither the Administrator nor any employee sought to recover unpaid wages, liquidated damages, or overtime, and therefore, the decree in the injunction proceedings did not, and could not, provide for the recovery of unpaid minimum wages, and did not, and could not, adjudge or determine that any specific amount was due to any employee of Appellees.

(8) That since the Administrator is not authorized to sue for and on behalf of employees for the recovery of unpaid wages and liquidated damages, he cannot do indirectly, and especially by contempt proceedings, that which the statutes denied him the power to do in a direct action, although the Administrator frankly argued at the hearing that he was seeking by this contempt proceeding to compel the Defendants to pay employees wages which he claimed were due them, even though they were not sought, proven, nor decreed in the injunctive order now alleged to have been violated.

(9) That since there was no adjudication in the injunctive decree of any amount due to any employee, and since there was no power in the Administrator to sue for the wages and liquidated damages for any employees, there was, therefore, [64 F.Supp. 90] "no right to any benefit for himself individually or as Administrator or for the employees or anyone else" in the contempt proceeding; that the violation of the injunctive decree was a public wrong and not a private injury to the Administrator or to his authority as Administrator, so as to entitle him to remedial process; that having procured an injunction, its enforcement became "a matter of the assertion of a public right and vindication of the authority of the court" which, under Section 204 (b), 29 U.S.C., must be brought under the authority and direction of the Attorney General.

(10) That the facts in this case point to classification of the acts charged as criminal contempt and "carry the criminal hallmark."

There was no factual issue, and the main question is whether or not the proceeding here is for a civil contempt, as contended by the Administrator, or for a criminal contempt, as contended by the Appellees and as found by the lower Court.

The distinctions between civil and criminal contempts have often been pointed out. See discussion and cases cited in Parker v. United States, 1 Cir., 153 F.2d 66, 163 A.L. R. 379.

Broadly speaking, a civil contempt is a failure of a litigant to do something ordered to be done by a court in a civil action for the benefit of the opposing party therein,[1] but the courts also hold that a contempt is considered civil when the punishment is wholly remedial, serves only the purposes of the complainant, and is not intended chiefly as a deterrent to offenses against the public.[2] A criminal contempt is an act against the dignity or authority of the court, the majesty of the law,[3] and, to use the language of Justice Cardozo, is for the "vindication of the public justice." [4]

Civil contempt is coercive and looks to the future. Criminal contempt punishes a past act, and a contempt which punishes for a past affirmative act is punitive and criminal,[5] although it is not the punishment that is inflicted, but its purposes, that often determines whether a proceeding in contempt is civil or criminal.[6] Imprisonment may be had for a civil contempt where the defendant has refused to do an affirmative act required by the provisions of a mandatory order, but if the imprisonment is for an act already accomplished, it would be punitive in its nature and a criminal contempt.[7]

It is noted that the proceeding here is a continuation of the original cause. It is for the enforcement of rights which the Administrator claimed as having been granted to him in the injunction decree. The enforcement power of the Administrator is civil in its nature rather than criminal. He cannot prosecute offenders but can only request prosecution. His functions are, in part, performed on behalf of, but not in right of, employees because he has no authority to sue for wages due an employee without the latter's consent or against his will. The proceeding is remedial in its nature[8] since the injunction was designed to secure for the Administrator, as well as others, a better enforcement of the Act. The statute authorizing the Administrator to proceed by injunction implies the further right in him to have an appropriate injunction made effective so as to preserve such benefits as were conferred upon him, as complainant, by the injunction.

In the light of the correct statement by the lower Court, that the Administrator had no right to institute proceedings in criminal contempt, and in view of the additional aspects which reveal that this proceeding is between some of the same parties and in the same suit in which the injunction was rendered, and that the petition fails to charge that the disobedient acts of Appellees were willfully done or omitted, we conclude that the lower Court was in error in holding

[1] 7 Words & Phrases, Perm.Ed., Civil Contempt, p. 305 et seq.

[2] Nye v. United States, 313 U.S. 33, 61 S.Ct. 810, 85 L.Ed. 1172; Fenton v. Walling, 9 Cir., 139 F.2d 608; McCrone v. United States, 307 U.S. 61, 59 S.Ct. 685, 83 L.Ed. 1108; Gompers v. Buck's Stove and Range Co., 221 U.S. 418, 31 S. Ct. 492, 55 L.Ed. 797.

[3] 10 Words and Phrases, Perm.Ed., Criminal Contempt, p. 499.

[4] Fox v. Capital Co., 299 U.S. 105, 57 S.Ct. 57, 59, 81 L.Ed. 67 [quoted in McCrone v. United States, supra.]

[5] In re Eskay, 3 Cir., 122 F.2d 819; Reeder v. Morton-Gregson Co., 8 Cir., 296 F. 785; Gompers v. Buck's Stove and Range Co., supra.

[6] Gompers v. Buck's Stove and Range Co., supra; Donato v. United States, 3 Cir., 48 F.2d 142.

[7] Gompers v. Buck's Stove and Range Co., supra.

[8] McCrone v. United States, supra; National Labor Relations Board v. Hopwood Retinning Co., 2 Cir., 104 F.2d 302; Gompers v. Buck's Stove and Range Co., supra.

that the contempt proceeding was criminal rather than civil.

The lower Court correctly noted the fact that neither in the complaint nor in the injunctive decree was there any mention of any right to the recovery of unpaid wages by any employee of Appellees, and that there was no adjudication in the decree for the payment of any specific amount to any employee. If the proceeding by the Administrator is, as the Administrator frankly contended below, to compel Defendants to pay employees back wages claimed by the Administrator to be due, then the proceeding is insufficient for such purpose. Even if the Administrator, like the Administrator of the O. P. A.,[9] had been authorized to recover wages due to employees in a case in which the employees are not parties, nevertheless, there is no predicate in the decree of injunction upon which to adjudge Appellees *in contempt* for not paying any particular sum to any particular person. Appellees deny that they owe wages to their employees, and there has never been an adjudication by the Court that the Appellees did owe any sum to any person.

The very nature of the proceeding in either civil or criminal contempt for an alleged disobedience of a decree of the Court, requires that the language in the commands of the decree be clear and certain.[10] No person may be adjudged in contempt for the disobedience of a non-existent order.

Appellees could not be placed in contempt of court for failing to pay over money to a person in advance of an adjudication by the Court that Appellees owed any specific sum to that person.

It will not suffice to say that the Administrator, since the filing of the petition for a rule in contempt, has furnished a bill of particulars showing to whom and in what amount he claims the Appellees are indebted for the statutory wages. A belated bill of particulars is not a judgment of the Court, and a litigant cannot be adjudged in contempt of a bill of particulars. A decree of the Court containing only a negative command that the Defendant shall not fail to pay money to un-named persons in unascertained amounts is too indefinite to support a conviction in contempt for non-compliance with such provisions in such a decree.

The furnishing of a bill of particulars and the admissions of counsel for the Administrator in colloquies between them and the Court, cannot serve as nunc pro tunc amendments of either the complaint or the decree in the injunction proceedings. Even if the decree could have been thus amended in the pending contempt proceedings, such an amendment could have no retroactive, or ex post facto, effect so as to reach back and become the predicate upon which to adjudge a litigant in contempt for the disregard of the commands of a decree that had not issued until after the issuance of the rule nisi in the contempt proceedings.

We intend here to pass only upon the nature of the proceeding in contempt, and upon the sufficiency of the injunctive decree to serve as a predicate for an adjudication in contempt for the non-willful failure in this case to pay wages in a specific sum to certain employees, when the decree in no wise undertook to adjudge that any specific amount was due to any employee, and when no employee was before the Court when the decree was rendered, nor since. We do intend to hold that the contempt proceeding brought by the Administrator, cannot, in this case, serve the function of a plenary suit for the recovery of wages due employees. We do not, how-

---

[9] The case of Porter, Administrator of the Office of Price Administration v. Warner Holding Company, 66 S.Ct. 1086, is urged upon us in support of the right of the Administrator to sue for wages due employees, but we do not consider it as having any bearing on the question here involved. The Porter case was a suit in equity, seeking to restrain the respondent from violating the Act and also to require him to refund to the tenants all amounts illegally collected from them. That was not a contempt proceeding in which the power of the Court is vastly more restricted than the power of the Court in a suit in equity, for one cannot be decreed in contemptuous disobedience of that which the Court did not adjudge nor decree.

[10] McFarland v. United States, 7 Cir., 295 F. 648, 649; Gompers v. Buck's Stove & Range Co., supra.

ever, mean to hold that in a proper case the Court could not, in the exercise of its discretion, measure the contumacy in contempt by the delinquency of the contemnor's duly adjudged obligation to the complainant.

We do not pass upon the sufficiency, either in form or substance, of the other allegations of violations of the injunction set out in the petition for the rule nisi, nor the measure of punishment that the Court could, or should, mete out in the event the Appellees are later adjudged to be guilty of such alleged violations of the injunction.

The decree of the lower Court is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.

### On Petition for Rehearing.

The Administrator has filed a petition for rehearing or for a clarification of our original opinion in which we sought to announce three conclusions: (1) That in advance of a decree adjudging that a litigant should pay a specific sum to a specific person, such litigant could not be adjudged and sentenced in contempt for failing to pay such specific sum to a specific person, or to someone else in his behalf; (2) that the Administrator has no right under the Act to bring suit for the recovery of wages due employees; and (3) moreover, contempt proceedings by the Administrator could not, in the instant case, serve the function of a plenary suit for the ascertainment and recovery of wages due employees, and even if the contrary were true, such an adjudication could not operate retroactively so as to support the prior citation in contempt.

We did not pass on the other allegations of violation of the injunction alleged in the petition since the Court below had not ruled on them.

We regard wages due employees under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., as a debt or as compensation due from the employer.[11] A conviction in contempt, whether it be civil or criminal, contemplates the imposition of a fine or imprisonment, but neither fine nor imprsonment should be inflicted as the means for the collection of a debt.[12]

So that, if the purpose of this proceeding was, as the lower Court held, the Administrator frankly admitted, and as its petition for rehearing now seems to concede, the collection of wages due employees through the expedient of a "compensatory fine," the Court would be compelled to answer that neither imprisonment nor a fine in the amount of the debt, and in order to collect the debt, due for non-payment of wages could be sanctioned.

We do not mean that the Administrator in this case could not show as an act of contumacy the fact, if it be a fact, that Defendants have refused to comply with the injunction by failing to pay employees within the Act the wages called for by the Act. But even if he were authorized to sue for wages due employees, and in that capacity had secured a specific judgment for the amount of the wages due, he could not then maintain contempt proceedings for the avowed purpose of using the punitive powers of such a proceeding to collect the judgment through the device of "a compensatory fine in an amount equal to the underpayments," which, stripped of its nomenclature and viewed in the light of reality, would show up simply as the imposition of punishment in an attempt to collect a debt.

Moreover, neither the Administrator nor this Court has the right or the power to prescribe before the trial the punishment that the trial Court should impose.

In the light of the foregoing, we are of the opinion that the petition for rehearing should be, and the same is hereby, denied.

---

[11] In Overnight Motor Co. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682, the Court held that even liquidated damages for failure to pay minimum wages were "compensation, not a penalty or punishment by the government."

[12] Everett v. Sparks, 107 Ga. 48, 32 S. E. 878, 73 Am.St.Rep. 107; Clements v. Tillman, 79 Ga. 451, 5 S.E. 194, 11 Am. St.Rep. 441.